NATHANIEL TOBEY, *Adm'r*, *versus* ANDREW MILLER.

In trover by the rightful administrator of an intestate's estate to recover the value of the goods and effects of the estate taken by an executor *de son tort*, the defendant cannot file an account in set-off for the intestate's debts, paid by him since the decease.

But, by virtue of R. S., c. 64, § 32, he may "retain" whatever sums actually paid him, which, if withdrawn from his hands, the rightful administrator or executor would be compelled to pay.

ON EXCEPTIONS.

TROVER for the value of certain goods and effects belonging to the estate of the plaintiff's intestate, alleged to have been taken by the defendant as executor *de son tort*. The defendant, on the first day of the autumn term, filed an account in set-off to the amount of $279,99, in which were included expenses of the last sickness of the intestate, together with the necessary funeral charges, amounting to $102,25.

The presiding Judge instructed the jury, *inter alia*, that the administrator was, in this case, entitled to all the money, property and effects of his intestate, of which she died possessed, and the defendant could not set off in this action any claim that he might have against the estate, for what he applied to the payment of funeral expenses or debts for which the estate might be liable. And if they were satisfied from the evidence that the defendant had converted any property included in the writ, he would be liable for the value thereof at the time of conversion, with interest from the date of the writ.

Verdict was for the plaintiff, for $197,07, and the defendant alleged exceptions.

*Wales Hubbard*, for the defendant.

*A. P. Gould*, for the plaintiff.

Prior to R. S. of 1841, "no stranger was allowed to collect debts due the deceased or reimburse himself for the

funeral expenses," he could not settle his own claim. *Adams* v. *Butts*, 16 Pick., 343, 347. This is the duty of the administrator, and he must have the funds with which to do it. 2 Greenl. on Ev., §§ 350, 649.

There is, at common law, a difference between the liability of an executor *de son tort* to the rightful administrator, and his liability to a creditor who sues him as executor. In the former case, the lawful administrator was the intermeddler to disaffirm all the latter's acts and recover the property, that it may be administered according to law. In the latter, the creditor seeks to recover his debt of the intermeddler as executor generally, — alleging him to be executor, — and the allegation cannot be denied. *Mountford* v. *Gibson*, 4 East, 441. In the latter case, he may defend as a rightful administrator, and show that he has fully administered the estate, — while in the former case, he cannot. To allow him to retain, and apply the estate wrongfully in his possession, to the payment of his own debts, would affirm his administration *quo ad hoc*. If one creditor may seize enough of the estate to pay his debt, so may another.

Was the common law changed by the statute? Its language is peculiar. It seems based upon the assumption that, but for the statute, he might "retain" the effects for a still larger purpose, and to be intended as a limitation of his powers. If it has any effect, it impliedly grants him rights or powers which he had not before.

A statute in derogation of the common law, without more express terms declaratory of its purpose, ought not to change the common law. The statute implies that the Legislature supposed the law to be as assumed.

But, if it is to be regarded as declaratory of the law upon the subject in this State, it should be restricted to such claims as the administrator "would have to pay" in full, — to preferred claims. "Would have to pay," means would be compelled to pay at all events, whether the estate be solvent or insolvent. The solvency of an estate cannot be deter-

mined until the administrator can get possession of the estate and have it appraised, &c.

Defendant's account embraces all classes of cases. But one claim can be "retained" in any event, viz., the charge for funeral expenses. Expenses for last sickness are affected by the question of solvency. If the estate is insolvent, expenses for last sickness are postponed to certain other claims.

The question of solvency cannot be tried in this action, and the statute must have a construction applicable to all cases.

The retained items of the defendant's account are his own claims against the estate. All claims against an estate must be first adjudicated by somebody, before they can be paid. The administrator primarily adjudicates upon " preferred claims," and upon all claims against a solvent estate, except his own. His own must be passed upon by some officer of the law provided by the statute. Can an intermeddler set aside all these safeguards? See *Adams* v. *Butts*, 16 Pick., on page 347; 2 Greenl. on Ev., § 350, and cases *infra*.

Set-off cannot be filed in this action. 1 Chit. on Plead., 165, 604.

APPLETON, C. J.—This is an action of trover. The plaintiff sues as the rightful administrator on the estate of Catherine B. Miller. The defendant interfered with the estate of the plaintiff's intestate, and is liable as executor *de son tort*. He could not in this form of action file an account in set-off.

When an executor in his own wrong is sued, it is provided by R. S., 1857, c. 64, § 32, that " he shall not be allowed to *retain* any part of the goods or effects, except for such funeral expenses, debts of the deceased or other charges actually paid by him, as the rightful executor or administrator would have to pay." That is, he is permitted to retain to the extent indicated. The word *retain* was used to protect the defendant, whatever may be the form of the action when

sounding in damages, by enabling him to retain what, if not paid by him the administrator or executor would have been compelled to pay.

Nor is this provision materially different in its spirit from the common law. The executor is entitled to deduct reasonable funeral expenses from the assets that come into his hands. *Yardly* v. *Arnold*, 41 E. C. L., 239. Where the rightful executor or administrator sues the executor *de son tort*, if the action " be trover for the goods of the deceased, the defendant," observes BUCHANAN, C. J., in *Glenn* v. *Smith*, 2 Gill. & Johns., 493, " cannot plead payment of debts to the value, or that he has given the goods in satisfaction of the debts. But, on the general issue pleaded, he may give in evidence such payments, and they will be *recouped* in damages, if they be such as the plaintiff would have been bound to make, or, in the language of some of the books, made in due course of administration. Carth., 104; Bull., N. P., 48; 2 Black. Com., 507; *Mountford* v. *Gibson*, 4 East, 441; *Parker* v. *Kelt*, 12 Mod., 471." This recoupment is allowed when the debts are just and there is no deficiency of assets.

The plaintiff, as administrator, after first making provision for the expenses of administration, if there be a sufficiency of assets, is bound to pay the expenses of the last sickness of his intestate and the necessary funeral charges. These amount, in all, to one hundred and two dollars and twenty-five cents. If the plaintiff will remit this amount, with interest from the death of his intestate, the verdict is to stand for the remainder, otherwise the exceptions must be sustained.

CUTTING, DAVIS, WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.