JOHN McCONNELL

*v.*

E. AMANDA McCONNELL.

1. EXECUTOR DE SON TORT—*may discharge himself by paying debts of estate.* An executor *de son tort* of a solvent estate may discharge himself even as against the demand of the rightful executor, by proving debts paid to the amount of the goods received by him which had belonged to the estate of the deceased.

2.  Where a widow of a party took a United States bond of $1000, which belonged to her deceased husband's estate, and never accounted for the same to the administrator, but paid the same upon a note of $1500 against the estate, it was *held*, that she was not liable to the heir at law in equity for the amount of the bond.

WRIT OF ERROR to the Appellate Court for the Third District; the Hon. CHAUNCEY L. HIGBEE, presiding Justice, and Hon. OLIVER L. DAVIS and Hon. LYMAN LACEY, Justices.

Mr. N. M. BROADWELL, for the plaintiff in error:

Where a person improperly intermeddles with the property of an estate, he becomes a trustee *de son tort*, and is liable at the suit of those beneficially interested.  Perry on Trusts, sec. 245.

In Williams on Executors it is said: "When a man has so acted as to become in law an executor *de son tort*, he thereby renders himself liable, not only to an action by the rightful executor or administrator, but also to be sued as executor by a creditor of the deceased, or by a legatee." 1 Williams on Executors, p. 153.

And in *Hansford* v. *Elliott,* 9 Leigh, 79, it is expressly held that the legatee may bring his suit in equity to charge an administrator *de son tort.*

Mr. WILLIAM L. GROSS, for the defendant in error:

A person can not be charged by the heir as administrator *de son tort.*  A suit for that purpose can only be maintained by the rightful administrator or executor.  Addison on Torts, (4th Eng. ed.) vol. 1, 447; *Muir* v. *Leake, etc. Orphan House,* 3 Barb. (N. Y.) Ch. 477; *McIntire* v. *Carson,* 2 Hawks (N. C.) 544.

. If there has been intermeddling by the defendant sufficient to charge her as administrator *de son tort,* to whom belonged the right of calling her to account?  Manifestly, to the extent of the intermeddling, she was to be treated as an administrator.  As to this property she *was* administrator.  Now, whether

administrator by her own wrong, or rightfully, she was charge-able. But to whom? Manifestly, again, to the rightful or succeeding administrator. Such was and is the law of this State. 1 Gross' Stat. 1871, ch. 109, Wills, sec. 97, p. 813, (Rev. Stat. 1845, sec. 75, 552); Rev. Stat. 1874, ch. 3, p. 111, secs. 36 *et seq*; *Duffin* v. *Abbott*, 48 Ill. 17.

The legal title to the personal estate is in the administrator. *Lewis* v. *Lyons*, 13 Ill. 117.

But if it be admitted that she, not having qualified as an executor, had no right to meddle with the property of the estate as she did, her sufficient answer is, that she used the property of the estate, to the extent of this bond, *in paying a debt of the estate.* The rule of decision is, that an administra-tor *de son tort* of a solvent estate is entitled to be credited with the amount of the debts of the estate which he has paid. *Dorsett* v. *Frith*, 25 Ga. 537; *Weeks* v. *Gibbs*, 9 Mass. 74; *Reagan* v. *Long*, 21 Ind. 264; *Tobey* v. *Miller*, 54 Me. 480; *Saam* v. *Saam*, 4 Watts (Pa.) 432.

Mr. Justice Sheldon delivered the opinion of the Court:

The bill in this case, filed February 26, 1877, alleges that James McConnell, father of the complainant, died January, 1867, testate, leaving a large estate; that, under his will, the personal estate, after the payment of debts, etc., was bequeathed to the children; that the defendant, the widow of said James McConnell, took one U. S. government six per cent gold interest bond, of the denomination of $1000, belonging to the estate, and never accounted for the same; that complain-ant had, by assignments, acquired the interests of the other legatees in and to the personal estate; that the executor had settled the estate, and this bond was not needed to pay debts, etc., and seeks to charge defendant with the value thereof, and also to enjoin four suits which the defendant was prose-cuting in the same court, against complainant, upon money demands, in order that the amount due complainant on account

of the bond, when ascertained, might be set off against the claims in said suits. A temporary injunction was granted.

It was set up in defence that the bond had been applied by the defendant in part payment of a promissory note for $1500 which had been given by the testator, in his lifetime, to one Josiah Marvin.

On final hearing the circuit court dissolved the injunction and dismissed the bill. On appeal to the Appellate Court for the Third District the decree was affirmed. The complainant sued out this writ of error.

The plaintiff in error does not deny the well settled doctrine that an executor *de son tort* of a solvent estate may discharge himself, even against the demand of the rightful executor, by proving debts paid to the amount of the goods received which had belonged to the deceased. See *Weeks* v. *Gibbs,* 9 Mass. 72; *Reagan* v. *Long,* 21 Ind. 264; *Tobey* v. *Miller,* 54 Me. 480; 1 Williams on Exrs. 267.

But it is claimed that the evidence did not sufficiently establish the existence of the note, or that the bond was applied toward the payment of it.

Without reviewing the evidence in detail, we think it sufficient to say, that we have carefully examined it upon the points wherein it is claimed to be deficient, and the proof shows to our satisfaction the existence of this note as a debt against the estate, and that the bond in question was paid upon it.

The payee of the note testifies to the giving of the note, and that it was paid to him in April, 1867. Another disinterested witness, through whom the payment of $1000 on the note was made, testifies to making such payment, and that it was made with this bond. There is other corroborative evidence that the bond was paid upon the note. There appears nothing contradictory. It is objected that the note itself is not produced. But it could not be expected that a paid note would be preserved for such a length of time after its payment, so as to enable it to be produced in evidence.

Upon the dissolution of the injunction the circuit court awarded the defendant $100 as damages sustained by the injunction. This is complained of as of too large amount. The allowance appears to be warranted by the evidence, and we do not regard it unreasonable.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*