## ROGGENKAMP v. ROGGENKAMP et al.

(Circuit Court of Appeals, Eighth Circuit. June 3, 1895.)

### No. 541.

1. CONSTRUCTIVE TRUSTS—PURCHASE OF LAND UNDER CONTRACT OF DECEASED PERSON—RIGHTS OF HEIRS.

On the death of a person in possession of lands under a contract of purchase, leaving a widow and minor son, his father, with his widow's consent, took possession of the property, sold the personalty, paid the debts, and, by virtue of the contract, paid the balance due for the lands, and took title in his own name. *Held*, that he, or any one purchasing from him with notice of the facts, took the title in trust for the heir, whether the money to complete the purchase was paid from the proceeds of the son's personal estate or from the father's own funds.

2. EXECUTOR DE SON TORT—RIGHTS AND LIABILITIES.

One who, without direction of the proper court, or of a will of a deceased person, intermeddles with his personal estate, and performs acts of administration, will be compelled to account for its disposition and value; but in all acts which are not for his own benefit, and which a lawful executor or administrator might do, he is protected. He cannot be charged beyond the assets which come to his hands, and against these he may set off the just debts which he has paid.

3. SAME — CONSTRUCTIVE TRUSTS — ACCOUNTING — BONA FIDE PURCHASERS—PARTIES.

One in possession of lands under a contract of purchase died intestate, owing most of the purchase money, and leaving a widow and minor son and a small amount of personalty. With the consent of the widow, and to save the expense of a regular administration, the intestate's father took possession of his property, sold the personalty, and paid his debts. He also completed the purchase of the land, took title in himself, and held for his own benefit. After some years, a suit was brought against him by the heir, which resulted in a decree declaring a trust, ordering him to convey, and holding that the heir's guardian was entitled to recover rental value, less taxes paid and improvements made. Defendant had contended that he used all the proceeds of the personalty, together with money of his own, in paying the intestate's debts, and that he paid for the land entirely with his own money. The record on appeal showed that, prior to the commencement of the suit, he had sold the land, and shortly after it was begun, and before any notice of lis pendens was filed, conveyed the same; but, nevertheless, the purchaser was not made a party to the suit. *Held*, that the decree was erroneous; that the title in the hands of the purchaser was not affected by the decree; that, if complainant desired to recover the land, he might make the purchaser a defendant, if this could be done

without ousting the jurisdiction; that if it could not, or if it should appear that he was a bona fide purchaser for value without notice, then an accounting could be had against the original defendant, wherein the latter would be entitled to be credited not only with taxes and improvements, but with the money, if any, which he had paid from his individual funds in purchasing the land and paying the debts.

Appeal from the Circuit Court of the United States for the District of Nebraska.

On March 6, 1894, the circuit court for the district of Nebraska rendered a decree to the effect that William Roggenkamp, the appellant in this case, held the title to 40 acres of land in trust for, and that he should convey the same to, the appellee John Roggenkamp, Jr., a minor, and that the appellee Emma Simons, as his guardian, was entitled to recover from the appellant the rental value of this tract of land, less the taxes he had paid and the value of the improvements he had made upon it during the time between April, 1883, and April, 1893. The appeal challenges this decree. The facts upon which it rests are these: In April, 1883, John Roggenkamp, Sr., died, intestate. He was the son of the appellant, the father of the appellee John Roggenkamp, Jr., and the husband of the appellee Emma Simons, who has since his death been again married. Before his death he had purchased of one McClay a contract from the Burlington & Missouri Railroad Company in Nebraska, for the tract of land in question, and had paid $172, and had agreed to pay about $1,000 more for the title to the land. He was residing upon this land with his wife and child when he died. His son, John Roggenkamp, Jr., was his only heir at law. At the time of his death he owed about $2,000 in addition to the $1,000 required to pay for this tract of land, and he had some farming implements, a small amount of stock, some corn and wheat, and his right to this tract of land, but no other property. No one applied for the appointment of an administrator of his estate, and none was appointed. The appellant took his widow and child to his residence, a few miles distant, and they lived there about six months, when the widow returned with her child to her parents. For the purpose of saving the expense of administration through the court, the appellant, with the consent of the widow, took all the personal property of his deceased son, except some of the furniture of the house and two cows, which the widow retained, and sold it for the best price he could obtain, and paid the debts of the deceased. He also completed the purchase of the 40 acres of land, took the title to it in his own name, and from the death of his son until 1891 paid the taxes upon it, made some improvements upon it, and received the rents and profits from it. In 1890 he made a contract to convey this land to one John Bratt, who is not a party to this suit; and on November 24, 1891, he conveyed it to him. The decree was rendered on the ground that the appellant had purchased the land with the proceeds of the personal property of the deceased, and that he therefore held it as trustee for the heir.

Newton C. Abbott, William A. Selleck, and Arthur W. Lane filed brief for appellant.

John M. Stewart, Stephen B. Pound, and Lionel C. Burr filed brief for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The fundamental principle on which this decree is based is sound. One who appropriates to himself the benefit of an interest or equity in real estate that has descended to a minor heir thereby constitutes himself a trustee for the heir. He charges the title in himself, and in those who hold under him with notice, with a trust in favor of the heir that a court of equity will enforce; and he renders himself personally liable to account for the rents, profits, and proceeds of

the land which he thus acquires. When the appellant used the contract·for the purchase of this land that his son held at his death, to obtain the title for himself, he became a trustee for the minor heir, John Roggenkamp, Jr., and the title to the land stood charged with that trust as long as it remained in his name, or in the name of any one who held under him with notice of these facts, whether he used the personal property of his son's estate to pay for the land or not. So far as the decree charges the title the appellant has to this land with this trust, therefore, it is right. Musham v. Musham, 87 Ill. 80; Stow v. Kimball, 28 Ill. 93; Schaffner v. Grutzmacher, 6 Iowa, 137; Fox v. Doherty, 30 Iowa, 334; Sentill v. Robeson, 2 Jones, Eq. 510; Graves v. Pinchback, 47 Ark. 470, 1 S. W. 682; Hall v. Vanness, 49 Pa. St. 457.

There is more doubt, however, whether the evidence in this record warrants the measure of relief given by the decree. The appellant seems to have taken the real and personal property which his son left at his death to pay the son's debts, and to save the expense of administration through the probate court, rather than to profit by it himself. He alleges that he expended the proceeds of all the personal property in paying these debts and that he paid more than $1,000 of his own money to perfect the title to the land. If this be true, he is entitled to charge against the land the amount that he paid from his own funds to perfect the title, and the heir should be required to allow this amount before he recovers the land.

Under the common law, one who intermeddles with the personal property of a deceased person, and disposes of it, or does any other act of administration of the assets without the authority or direction of the proper court, or of the will of the deceased, thereby constitutes himself an executor de son tort. He cannot by his wrongful act acquire any benefit for himself. The rightful executor or administrator or any creditor or legatee may maintain an action against him for the property of the deceased which he has taken, and may compel him to account for its disposition and value; but in all acts that are not for his own benefit and that a lawful executor might do he is protected. He cannot be charged beyond the assets which come to his hands, and against these he may set off the just debts which he has paid. 1 Williams, Ex'rs, pp. 296, 305, 308; Bacon v. Parker, 12 Conn. 213; Emery v. Berry, 28 N. H. 473; Bellows v. Goodall, 32 N. H. 97; Glenn v. Smith, 2 Gill & J. 493; Weeks v. Gibbs, 9 Mass. 74; Winn v. Slaughter, 5 Heisk. 191; Tobey v. Miller, 54 Me. 480; Olmsted v. Clark, 30 Conn. 108.

It is unnecessary to inquire in this case whether or not an intermeddler with the personal estate of a deceased person becomes an executor de son tort, and liable to account at the suit of a creditor or legatee under the statutes of the state of Nebraska. It is certain that the appellant, by undertaking to administer the estate of his deceased son without the sanction of the probate court, made himself liable to account to the rightful administrator for the value of the personal property he obtained from that estate. Consol. St. Neb. 1891, § 1244. But it would have been a perfect defense to a suit by the administrator for such an accounting that the appellant

had paid all the just debts of the deceased, and that he had exhausted all the assets he had received from the estate in paying these debts. The heir had no right to or equity in the personal property of his father, as against a stranger, superior to those of the lawful administrator. He alleged in this suit that the appellant had appropriated the proceeds of the personal property of the estate to the purchase of the land he sought to recover. The appellant denied this, averred that he had used all the property of the deceased and some of his own to pay the just debts of the deceased, and that he paid for this land with his own money. The appellant was entitled to a fair accounting that would determine this issue, and find what balance, if any, of the value of the personal property he received, remained in his hands after he was credited with the payments he made on just debts of the deceased. He was not liable to be charged with the use of any more property of the deceased in the purchase of this land than the amount of such a balance. We have searched the record in this case in vain for the statement of such an account, or of evidence that an accounting upon this basis has been had in the court below, and we are unwilling to affirm the decree without it.

There is another respect in which the record is singularly defective. The holder of the legal title to the land is an indispensable party to a suit to annul, or to compel the conveyance of, that title. U. S. v. Winona & St. P. R. Co., 67 Fed. 948. This suit was commenced on September 14, 1891. There is a statement in the brief of the appellee that a notice of lis pendens was then filed in the proper office in the county in which the land is situated, but the record does not disclose that fact. It does appear from the record, however, that on November 10, 1890, one John P. Bratt purchased this and other lands from the appellant; that on March 1, 1891, he took possession of them; that he had paid $7,884 on account of this purchase before this suit was commenced; and that the appellant conveyed the legal title to the land here in controversy to him on November 24, 1891. It goes without saying that the title to this land held by Bratt cannot be affected by a decree in a suit to which he is not a party, and of which he had no notice before he paid for and took his title. For these reasons, the decree below must be reversed. If the appellee John Roggenkamp, Jr., desires to recover this land, he should be permitted to make John P. Bratt a party defendant, if that can be done without ousting the jurisdiction of the court below. If he does so, and the evidence then establishes the fact that Bratt took the title with notice, the appellee Roggenkamp may recover the land on equitable terms. If, on the other hand, Bratt cannot be made a party to this suit, or if the evidence establishes the fact that he was a bona fide purchaser for value without notice, then the guardian of John Roggenkamp, Jr., may have an accounting with the appellant, in which he should be charged with the amounts he has received, and credited with the amounts he has expended on account of this land.

It is indispensable to a just determination of this suit that the matter of the accounting should be referred to a master, with in-

structions to hear evidence, and to state an itemized account against the appellant, in which he shall be charged with the value of each item of the personal property of his deceased son that he sold or converted to his own use, and in which he shall be credited with the various amounts which he paid on account of the just debts of the deceased. If, after confirmation by the court, the balance of this account is against the appellant, and is less than the amount which he paid for the land, the master should state another account, in which he should charge the appellant with this balance, with the rental value of the land from 1883 until he sold it in 1891, with the amount he then received for the land or its value, and with interest on all of these items, and should credit him with the amount he paid for the land, the taxes he paid upon it, and the value of the improvements he made upon it, with interest upon these items. After these reports of the master have been received and confirmed by the court, the suit should proceed to final hearing and decree.

The decree is accordingly reversed, without costs, and the cause remanded, with directions to proceed in a manner not inconsistent with the views expressed in this opinion.