*In re* ESTATE OF LUELLA S. HALE, Deceased.—(John Castelli, Adm'r of the Estate of Luella S. Hale, Petitioner-Appellee, *v.* Russell Castelli, Respondent-Appellant.)

Third District   No. 82—501

Opinion filed January 11, 1983.

John J. Zerboglio, of Coal City, for appellant.

John V. Hanson, of Hanson and Hanson, of Morris, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

This is a case of first impression. It requires that we determine whether the payment of funeral and other expenses for a decedent may properly be used to offset the judgment in a citation proceeding when the legatee who incurred those expenses used property of the estate to meet those expenses, acting in the belief that he was also the executor of decedent's estate. We hold that such expenses may properly be used to offset a judgment ordering the legatee to surrender estate properties in the legatee's possession to the actual executor.

Respondent, Russell Castelli, and petitioner, John Castelli, are the sons of the decedent, Luella S. Hale, who died on July 3, 1981. At the time of her death, decedent held a checking account containing $1,080 and a $4,000 certificate of deposit in joint tenancy with the respondent. The remainder of the estate consisted of a car and household possessions.

Although the respondent was named executor in the will, he never instituted proceedings to admit the will to probate. Instead, he paid decedent's funeral and medical bills from the contents of the checking account and the proceeds from the sale of the decedent's air conditioner. The funeral expenses alone totaled $1,253, while the contents of the checking account together with the proceeds from the air conditioner totaled $1,380. The remaining debts of the decedent were paid with the respondent's personal funds.

On December 3, 1981, the petitioner filed a petition to probate the will of the decedent. The will was admitted to probate, and the petitioner was appointed administrator of his mother's estate. As administrator, he also instituted citation proceedings against the respondent, challenging the validity of the joint tenancy accounts. On December 7, 1981, a claim date was filed. The respondent failed to answer in the citation proceedings. The court ruled that the certificate of deposit was the property of the respondent while the contents of the checking account as well as all household possessions were the property of the estate. The decedent's will directed that the estate be divided equally between the respondent and the petitioner.

On June 8, 1982, the respondent was ordered to deliver a sum of $1,380 to the estate, representing the total assets of the estate. Three days later, the respondent filed a motion with the trial court request-

ing that the court reduce the amount he was to deliver to the estate by the value of his payment of decedent's funeral, medical and other bills. It is from the denial of this motion that the respondent appeals.

The case at bar presents a situation in which one in possession of property from a decedent's estate uses that property to satisfy the debts of the estate. A similar situation arose in *McConnell v. McConnell* (1880), 94 Ill. 295. There the widow used a bond belonging to the estate to satisfy the decedent's debts. The court held that the widow was an executor *de son tort* and could therefore discharge herself, even against the demand of the rightful executor, by proving that she paid the decedent's debts to the full amount of the decedent's property in her possession.

To be sure, the statutory scheme for the settlement of estates in Illinois has been modified since the decision in *McConnell.* However, the equitable principles underlying the holding in *McConnell* remain viable even under the present statutory provisions.

■ The respondent meddled in the estate in good faith, believing that he was acting as executor in settling the decedent's affairs. The importance of providing a proper funeral is established in Illinois both by case law and statute. Section 6—14 of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110½, par. 6—14) provides that: "Before issuance of letters to an executor his power extends to the carrying out of any gift of the decedent's body or any part thereof, to the burial of the decedent, the payment of necessary funeral charges and the preservation of the estate; * * *." The courts in Illinois have consistently held that the payment of funeral expenses is of such importance as to be considered as necessary as the costs of administration of the estate. *In re Estate of Purefoy* (1930), 256 Ill. App. 523; *Stevens v. Williamson* (1921), 222 Ill. App. 258.

■ The respondent acted, therefore, as the law expected him to. To deny the respondent's motion to offset the value of the property he surrendered to the estate by the value of the payment he made on behalf of the decedent's estate would be to penalize him for acting in what he believed to be his proper role as executor.

This case is distinguishable from those cited by the petitioner. The respondent is not filing a claim against estate property whose title has already been decided and which the executor has a duty to distribute. Rather, the respondent is asking that the court consider the respondent's contribution towards the decedent's funeral and medical expenses as a defense to an order requiring him to surrender property he already had in his possession and which he utilized on behalf of the estate.

Clearly, the wiser course would have been for the respondent to follow established statutory procedures in establishing his defense. However, the respondent only benefitted the estate and the petitioner by performing those duties required of an executor. Therefore, based upon the decision in *McConnell v. McConnell* (1980), 94 Ill. 295, and general equitable principles, we find that the respondent, as executor of the estate, should be allowed to prove the payment of expenses for the decedent's funeral and medical bills and to offset the judgment ordering him to convey $1,380 to the petitioner by the amount so proven.

The judgment of the circuit court is reversed, and this case is remanded for further proceedings in accord with this decision.

Reversed and remanded.

BARRY, P.J., and STOUDER, J., concur.