101    569
117    ²191

STEVENS, Appellant, vs. COATES and another, imp., Respondents.

*December 20, 1898 — January 10, 1899.*

*Equity: Trusts and trustees: Retaining cause to grant legal relief.*

1. One F. was employed by C. as agent to sell patent rights, with power to take real estate in payment, the title to be taken in the name of C. and he to sell the same and divide the proceeds with F. In violation of his authority, F. took a deed of some land in his own name, and afterwards deeded it to C., who agreed to pay him a certain sum, a part of which he paid. *Held,* that C. was not a

trustee for nor in any way liable to S., whom F. had employed, for a percentage of his share, to assist him in making sales, and who knew of the agreement between F. and C.

2. In an equitable action upon such facts to charge C. as trustee of an interest in the land for S., the court properly declined to retain jurisdiction for the purpose of requiring C. to pay to S., out of the balance due from C. to F., the amount which F. owed to S., even though F. was insolvent. *Franey v. Warner*, 96 Wis. 222, and other cases distinguished.

APPEAL from a judgment of the circuit court for Chippewa county: A. J. VINJE, Circuit Judge. *Affirmed.*

Action to set aside a deed as to plaintiff, made by defendant Freeman to defendants *Coates* and *Corlett*, and to charge the latter as trustees of a one-fourth interest in the land described therein for plaintiff. It was alleged in the complaint that the lands were purchased of one Brown, plaintiff furnishing one fourth of the consideration, Freeman one fourth, and *Coates* and *Corlett* one fourth, and that the title should have been conveyed accordingly, but that Freeman, who was insolvent, procured it to be vested in him, and thereafter, without consideration, and intending to cheat and defraud plaintiff, conveyed the same to *Coates* and *Corlett*, who were nonresidents of this state, having no property therein except the land in question. *Coates* and *Corlett* answered that they bought the land of Freeman for $800 and without notice of any claim or interest therein of plaintiff.

The cause was tried by the court with the following result as to the facts: Defendant Freeman, being in the employ of *Coates* and *Corlett* as their agent to sell territorial privileges in a patented device for one half the proceeds, with power to take real estate, the deeds to be made to the employers, and the avails thereof, when reduced to money, to be divided equally between Freeman as one party and *Coates* and *Corlett* as one party, employed plaintiff to assist him, agreeing to allow for his services twenty per cent. of the proceeds of sales. Pursuant to the arrangement, plaintiff and Freeman,

acting together, sold a territorial privilege to use the patented device, for the land in question. No agreement existed that any part of the title to the land should be vested in plaintiff; on the contrary, the agreement between Freeman and *Coates* and *Corlett* required the property to be conveyed to them free from any claim of Freeman, and plaintiff had knowledge of that fact. Freeman conveyed the land to *Coates* and *Corlett*, they agreeing to pay him $800, $388 to be applied upon an account they had against him, and $412 in money. Sixty-two dollars and fifty cents of the latter was paid, and credit was given for the $388 before the commencement of the action. The transactions were completed without any knowledge on the part of *Coates* and *Corlett* of any claim by plaintiff to the land, or any interest therein. When the action was commenced *Coates* and *Corlett* had no property in the state other than the land in question, and Freeman was insolvent. The land in question was worth $1,200.

On such facts the court decided that plaintiff had no interest whatever in the land; that *Coates* and *Corlett* were entitled to have the action dismissed as to them with costs against plaintiff, and that he was entitled to judgment against Freeman for $240 and costs.

For the appellant there was a brief by *L. A. Doolittle* and *Wickham & Farr*, and oral argument by *Mr. Doolittle*. They argued, *inter alia*, that if plaintiff had no interest in the land he had an interest in a chose in action against respondents and was entitled to judgment therefor. *Franey v. Warner*, 96 Wis. 222; *Forcey v. Leonard*, 63 id. 353–361. An equitable assignment of such chose in action passed to the plaintiff. *McDaniel v. Maxwell*, 28 Am. St. Rep. 740; *James v. Newton*, 142 Mass. 368; *Nat. Exch. Bank v. McLoon*, 73 Me. 498; 2 Am. & Eng. Ency. of Law (2d ed.), 1070. The plaintiff had an equitable lien against the land in question for the enforcement of his claim, and was entitled to judgment thereon.

He advanced a part of the consideration. *Carey v. Boyle,* 53 Wis. 574. The plaintiff, by his agreement with Freeman, was to have two fifths of the latter's compensation, and when Freeman took title to the land in his own name, without plaintiff's knowledge or consent, a trust resulted in his favor. *Kluender v. Fenske,* 53 Wis. 118; *Davenport v. Stephens,* 95 id. 456; R. S. 1878, secs. 2076, 2079.

*Jos. W. Singleton,* for the respondents.

MARSHALL, J. The cause of action, to charge *Coates* and *Corlett* as trustees of an interest in land for plaintiff, wholly failed, not because of the happening of any event after the cause of action accrued, rendering it impossible for them to respond as such trustees, but because they never stood in that relation to the plaintiff. The court found as a fact that plaintiff never had any interest in the land in question; that the title should originally have been conveyed to *Coates* and *Corlett;* that it was wrongfully conveyed to Freeman; and that he conveyed it over to *Coates* and *Corlett,* they agreeing to pay him $800.

It is claimed that, instead of dismissing the case as to *Coates* and *Corlett,* the court should have retained jurisdiction as to them in order to do complete justice to all parties by requiring *Coates* and *Corlett* to pay to plaintiff the amount due him from Freeman out of the money due from them to him, upon the familiar principle that if a person in good faith brings an action in equity, alleging facts sufficient to constitute a cause of action within some recognized principle of equity jurisprudence, but fails to establish some fact essential thereto, yet does establish a state of facts entitling him to some relief by way of damages or otherwise, the court will not dismiss the bill and thereby render further litigation necessary, but will retain the case and render such judgment as will do complete justice between the parties. *Franey v. Warner,* 96 Wis. 222; *Combs v. Scott,* 76 Wis. 662; *Cole*

*v. Getzinger*, 96 Wis. 559. That rule applies where a cause of action in equity once existed, but from the happening of some event it no longer exists, or a person, in good faith believing he has a cause of action in equity, alleges facts accordingly, yet fails as to some essential element on the trial because it never existed, but, nevertheless, establishes a good cause of action for recovery at law. This case, on the facts found, does not fall within either of the classes mentioned. Plaintiff never had a cause of action either at law or in equity against *Coates* and *Corlett*, and the action was not brought in good faith believing that a cause of action in equity existed. The court found not only that the agreement between Freeman and *Coates* and *Corlett* was that the title to all lands taken in payment of privileges sold to use the patented device should be conveyed to *Coates* and *Corlett*, and that Freeman should have no interest therein, but that plaintiff had knowledge of that fact. The allegations of his complaint constituting a cause of action against *Coates* and *Corlett* were found by the court to be false to the knowledge of plaintiff when they were made. Plaintiff's claim was not against the land, nor against *Coates* and *Corlett*, but against Freeman.

This case is unlike *Franey v. Warner, supra,* where a cause of action unquestionably existed against the defendants, the only question, on the subject under consideration here, being whether it was in equity or at law. It is unlike *Cole v. Getzinger, supra,* where the cause of action in equity once existed and was in good faith brought, but it appeared on the trial that the land plaintiff was seeking to recover had been passed to an innocent party, leaving plaintiff remediless except as to damages against the guilty party. It is unlike *Combs v. Scott, supra,* where the court could not properly compel specific performance on account of plaintiff's laches and the changes in the property in the meantime, but retained the case and awarded damages. It is also unlike

*Meyer v. Garthwaite,* 92 Wis. 571, which merely went upon the principle that a cause of action properly cognizable at law may be adjudicated in equity if objection to the jurisdiction be not taken by answer or demurrer on that ground.

There is no principle with which we are familiar, under which, on the facts found, the court could properly have retained the cause and given judgment against *Coates* and *Corlett.* Plaintiff had no claim, legal or equitable, against them or against the land. He simply had a claim against Freeman to recover $240. He had no greater right against *Coates* and *Corlett* than against any other debtor of Freeman. He had the same right to unite other debtors of Freeman in his action and seek to have their indebtedness applied upon his claim as to unite *Coates* and *Corlett.* The fact of Freeman's insolvency does not give the court any such jurisdiction.

*By the Court.*— The judgment of the circuit court is affirmed.

BARDEEN, J., took no part.