WILLIAM F. TAYLOR *vs.* LUCY A. MOORE.

A man died, leaving no property but his wearing apparel. His widow paid, out of her own means, the expenses of his last sickness and of his burial, and gave to his brother a suit of his clothes, of less value than the amount thus paid out by her. Held that she had not made herself liable to a creditor of her husband as executrix in her own wrong.

ASSUMPSIT against the defendant as executrix of Enoch Moore; brought to the Court of Common Pleas of Fairfield County, and tried to the court, on the general issue, with notice, before *Hall, J.* Facts found and judgment rendered for the defendant, and a motion for a new trial by the plaintiff. The case is sufficiently stated in the opinion.

*W. F. Taylor* and *H. W. Taylor*, in support of the motion, cited 1 Swift Dig., 452; 1 Wms. Exrs., 226; *Padget* v. *Priest*, 2 T. R., 97; *Williams* v. *Morehouse*, 9 Conn., 474; *Bacon* v. *Parker*, 12 id., 212; *Bennett* v. *Ives*, 30 id., 329; *Tweedy* v. *Bennett*, 31 id., 276, 281; Gen. Statutes, p. 376, sec. 7.

*S. Tweedy* and *H. B. Scott*, contra, cited 2 Greenl. Ev., § 343; 2 Redf. on Wills, 13, note; *Bennett* v. *Ives*, 30 Conn., 335.

PARDEE, J.* Enoch Moore died in 1871, leaving no other property than his wearing apparel. His widow paid the expenses of his last sickness and burial from her own money and gave to his brother a suit from his apparel. For this last act the plaintiff, a creditor of the deceased, instituted this action, claiming judgment against her as executrix *de son tort*. The Court of Common Pleas rendered judgment against him, and he filed a motion for a new trial.

The rule imposing a personal responsibility upon an intermeddler with the estate of a deceased person has its foundation in the desire of the law to preserve it by the hands of its authorized agents undiminished, so that first, creditors, second, legatees, and third, heirs, may have what belongs to

---

* This case was submitted on briefs and so was considered by Judge PARDEE, though not present at the term.

them, each class in the statutory order of precedence. Therefore every unauthorized person who diverts any portion of the assets from either of these classes, or who applies them to either in any other than the appointed order, is visited with a penalty. The act of the defendant is not within the reason of the rule. The court below having omitted a valuation we are to assume that a suit selected from the apparel left by a man who had no other property would produce very little when reduced to money; probably not sufficient to pay for letters of administration; not sufficient even for the charges attendant upon the specially economical mode of disposing of small estates provided by statute; certainly not sufficient for funeral charges. In effect then, she made an addition to the estate. The law not seeing in such acts any injury to creditors or heirs has not undertaken to prevent them. According to the plaintiff's suggestion the apparel must either be kept to be eaten by moths or the value of it must be consumed in the process of distribution; in neither case to the benefit of himself or any other creditor.

The defendant having from her own money paid debts due from the estate to preferred creditors to a larger amount than the value of the clothes given away, in the absence of any claim by her for repayment has not intermeddled with the estate to the injury of the plaintiff, a common creditor, and is not liable to him as executrix *de son tort*.

A new trial is not advised.

In this opinion the other judges concurred.