CHARLES R. BOGUE *vs.* HARRIET WATROUS.

New London Co., May T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

A man died leaving about one hundred dollars' worth of personal property and claims amounting to sixteen dollars. His widow, without taking out administration, sold the personal property and collected the claims, and with the money paid preferred claims against the estate to the amount of ninety-seven dollars. With the small balance left and with her own money she paid other debts of the estate to the amount of about one hundred dollars. The court found that she had managed

the estate prudently. Held that she had not made herself liable to a creditor of her husband as executrix in her own wrong.

The small balance left in her hands after paying the preferred claims not being sufficient to pay the expense of taking out administration, the creditors had lost nothing by her not doing so.

[Argued May 28th—decided July 10th, 1890.]

ACTION to recover money of the defendant as executrix in her own wrong; brought to the City Court of the city of New London and thence, by appeal of the plaintiff, to the Court of Common Pleas of New London County, and heard in that court before *Crump, J.* Facts found and judgment rendered for the defendant and appeal by the plaintiff. The case is fully stated in the opinion.

*S. S. Thresher* and *C. W. Comstock*, for the appellant.

*A. P. Tanner*, for the appellee.

SEYMOUR, J. Leander Watrous died owing the plaintiff one hundred and twenty dollars for meat, and owning personal property worth " about one hundred dollars." There were also claims due him amounting to sixteen dollars and twenty-five cents, which the defendant, his widow, collected, and which, together with the proceeds of the personal property, all of which she sold, she used in paying the preferred claims against her husband's estate, which amounted to ninety-six dollars and eighty cents, about as much, says the finding, as she realized from the estate. She did not take out administration and no proceedings were had for the settlement of the estate in the probate court. In addition to the above the defendant paid, out of her own money, a claim of ninety dollars for groceries and one for wood, the amount of which is not found. The plaintiff's bill was not paid, and he claimed that he was entitled to recover from the defendant, as executrix *de son tort*, the difference between the amount paid by her in settlement of said preferred claims and the value of the property belonging to the estate and which she took and disposed of.

The court did not so rule, but found that the defendant had managed the estate prudently, and had paid more money in settlement of claims against it than she received from it, and held that she had fully administered upon the same. Thereupon the plaintiff appealed.

In *Taylor* v. *Moore*, 47 Conn., 278, a man had died leaving no property but his wearing apparel. His widow, without taking out administration, paid out of her own means the expenses of his last sickness and of his burial and gave to his brother a suit of his clothes of less value than the amount thus paid out by her. It was held that she had not made herself liable to a creditor as executrix in her own wrong. The Superior Court did not find the value of the suit given away, but this court assumed from the circumstances of the case that if sold it would probably not have brought enough to pay for letters of administration, not sufficient even for the charges attendant upon the specially economical mode of disposing of small estates provided by statute ; that, in effect, though she gave away a suit of little value, yet in paying the preferred claims she made an addition to the estate, and that the law, not seeing in such acts any injury to creditors or heirs, has not undertaken to prevent them, and that the act of the defendant was not within the reason of the rule respecting executors in their own wrong.

The case at bar does not show the precise sum left in the defendant's hands from the proceeds of the estate after payment of the preferred claims, which were " about as much " as she realized from the estate.

Assuming that the difference was nineteen dollars and forty-five cents, as claimed by the plaintiff, yet it is perfectly evident that such sum would not be sufficient, if the estate had been settled in the court of probate, for the charges attendant upon the specially economical mode of disposing of small estates provided by statute. Therefore the law sees in the defendant's acts no real injury to the plaintiff, as he would have received nothing if administra-

tion had been taken out and the estate regularly settled according to law.

It is upon this point and not with any intention of questioning the salutary rules of law respecting executors in their own wrong, in favor of any one who has suffered wrong, that we decide that there is no error in this case.

In this opinion the other judges concurred.