THORNE, Respondent, vs. STATE BANK OF PLATTEVILLE,
Intervenor, Appellant.

*April 8—May 3, 1927.*

*Courts: Actions against executors: Where circuit court alone can
give full relief: Conditional sales: Failure to file contract:
Validity of contract against creditors: Intervention by cred-
itor in action.*

1. The circuit court alone could give proper and adequate relief
   in an action by the seller of a stock of goods to establish the
   priority of a lien as to goods sold under a conditional sales
   agreement, where the buyer's estate was in the course of ad-
   ministration and the property had been transferred to third
   persons, who were made parties in the litigation.  p. 101.
[2. Whether one who voluntarily petitions to intervene in an action
   then pending in a court may assert that the court is without
   jurisdiction of the subject matter of the litigation, not de-
   cided.]  p. 101.
3. The lien of the seller of such goods is valid and entitled to
   priority as to goods in possession of the buyer on his death,
   as against creditors who failed to acquire a lien by attach-
   ment or levy, notwithstanding the seller failed to file the sales
   contract for a period of over two years, the delay not being
   fraudulent.  p. 103.
4. The vendee in possession could sell the goods by retail, though
   the seller retained title under the conditional sales contract,
   where the seller expressly agreed thereto, the reservation of
   title being void only as against purchasers for value in the or-
   dinary course of business and not as against creditors, as pro-
   vided in sec. 122.01 *et seq.*, Stats.  p. 103.
5. In an action by the seller to enforce a lien against the prop-
   erty of the estate, a creditor of the estate was properly al-
   lowed to intervene and become a party.  p. 104.
6. The circuit court could not determine the question of the
   amount due the estate from the intervening creditor, such
   question being for the consideration of the county court in
   passing upon the creditor's claim or upon the executor's final
   account.  p. 104.

APPEAL from a judgment of the circuit court for Grant
county: S. E. SMALLEY, Circuit Judge. *Affirmed.*

This action seeks to establish a paramount lien upon certain funds and assets held by the defendant Webster as executor of the estate of Benjamin Webster and upon obligations due from the defendants Utt and Hemphill.

March 5, 1920, plaintiff sold to the deceased, Benjamin Webster, certain real estate for $4,000, taking a mortgage for $2,000. (It is undisputed that at the time of the trial below there was due and unpaid upon such mortgage $2,657.92, principal and interest.) At the same time a written contract was entered into whereby plaintiff, as owner of a stock of goods, also agreed to sell and Webster agreed to buy at the invoice price thereof, subsequently found to be $7,817.31. It provided that title to such stock of goods should remain in the plaintiff until conditions performed, possession to be turned over to Webster, who was to sell from such stock until fifty per cent. of the invoice price had been sold and paid to the plaintiff; thereupon title to the remaining stock was to vest in Webster, with provisions for the payment of the then balance. So long as title to the goods remained in the plaintiff, Webster was to monthly account and pay for all goods sold. Other provisions of this contract are not here material. This contract was recorded December 18, 1922.

March 15, 1923, Benjamin Webster died, having paid but $3,150.87, leaving an unpaid balance of $4,666.44, being more than fifty per cent. of the said invoice price. He then had unsold goods of such stock to the value of $3,810.75. Raymond B. Webster, son of said Benjamin Webster, was appointed executor, and on April 18th a written contract was made between the plaintiff, said executor, and the defendants Utt and Hemphill, recited to be "subject to the approval of the Grant county Wisconsin court." (No such approval, however, was applied for or given.) In substance it was agreed that, for the entire price of $8,000 and interest on unpaid balances, there was to be conveyed to said Utt and Hemphill, upon payment of $3,000 cash, the same real estate

as that covered by the mortgage of March, 1920, also the present sale to them of certain personal property including the above mentioned unsold portion of the same stock of goods. The purchasers then paid to the executor $2,000 cash and gave their note for the balance of the purchase price of the personal property, entered into possession, and continued to sell from the stock of goods. Thereafter Hemphill sold to Utt all his interest in both the real and the personal property. No payments subsequent to the $2,000 aforesaid were made.

In July, 1925, the plaintiff filed a claim in the estate of said deceased for the same amount here involved. To this objections were interposed by the executor but not served upon the claimant, and no action was taken thereon by the county court.

In August, 1925, the plaintiff petitioned the county court to have the aforesaid claim allowed as a preferred claim, but no further action was taken.

In September, 1925, this action was commenced in the circuit court against the defendant Webster as executor and the purchasers Utt and Hemphill, reciting and including the aforesaid contracts of March, 1920, and April, 1923; alleging other of the facts above recited; asking for an accounting, and that whatever had been paid by said Utt and Hemphill to the executor should be paid by him to plaintiff; that any and all balance found due plaintiff on account of the said contracts should be declared a lien on any payments made or to be made by said purchasers to the executor; that the executor should be required to execute the conveyance of the real estate upon the required payment, and that such sum also should be paid to plaintiff.

Webster as executor answered, asserting, among other things, the insolvency of the estate, the filing of a large number of claims therein, and that the circuit court had no jurisdiction of this action and praying for its dismissal.

Some fifty or more claims had been filed in the county

court against said estate, and a number of such claimants, upon petition and over objection of the plaintiff, were permitted to intervene in this action and an amended complaint was served upon them, and they answered asserting their respective claims and also that the circuit court had no jurisdiction.

The appellant, *State Bank of Platteville,* by its answer asserted its claim based upon loans made to the deceased in 1920 and represented by renewal notes of June 12, 1922, for $2,000 and $700 respectively; that at the time of its loans to Webster he was the apparent owner of the stock of goods and the bank relied upon such apparent ownership and possession; that the acts and silence of the plaintiff and his failure to file the sales contract until December, 1922, was a fraud upon the creditors of Webster, and that plaintiff should be therefore estopped and barred from setting up any claim in the nature of a preference; by answer and during the trial also insisted that the circuit court had no jurisdiction.

Benjamin Webster in his lifetime and his executor thereafter kept their respective funds on deposit with the *State Bank of Platteville,* and that bank from time to time charged such respective funds with the interest due on the Webster notes, such charges aggregating, at the time of trial, $661.50.

After trial by the court findings were made determining that the circuit court had jurisdiction, inasmuch as the county court could not afford adequate remedy; that none of the creditors of the deceased other than plaintiff had in any manner acquired a lien upon the real or personal property involved; that there was no intent or purpose on the part of the plaintiff and the deceased to perpetrate any fraud by reason of the delay in filing the sales contract of March, 1920; and as conclusions of law that the sales contract was valid against the defendants and general creditors of Webster; that the plaintiff was entitled to a lien as prayed for on the amount theretofore paid or due and subsequently to

be paid by defendants Utt and Hemphill under the contract of 1923 for the sum of $4,210.75, being the aforesaid $3,810.75 (the unsold stock), together with $400 worth of certain other personal property transferred in April, 1923, belonging to plaintiff but not included in the transaction of 1920; that plaintiff was entitled to an unsecured claim as against the estate for $855.64, being about the unpaid balance on the contract of 1920 over the above mentioned $3,810.75. Provisions, not material here, were also made to other defendants. Plaintiff was allowed costs only against the defendant Webster as executor. The *State Bank of Platteville* alone has appealed. Plaintiff seeks to review certain portions of the judgment.

For the appellant there was a brief by *Murphy & Murphy* of Platteville, and oral argument by *J. W. Murphy*.

For the respondent there was a brief by *Kopp & Brunckhorst* of Platteville, and oral argument by *L. A. Brunckhorst*.

ESCHWEILER, J.    The intervenor and appellant, *State Bank of Platteville,* contends that the circuit court had no jurisdiction of this matter and that the plaintiff, *Thorne,* had no subsisting lien upon the balance of the stock of goods in the hands of Webster at the time of his death.

Assuming for the purposes of this case that one who, like the *State Bank of Platteville,* voluntarily petitions to become a party to a lawsuit then pending in a court can, after so intervening, properly be heard to assert that the very court to which it applied for leave to intervene is without jurisdiction of the subject matter of the litigation as to which it is concerned, still we are satisfied that the court below was clearly right in holding, as it did, that the issues presented between the original parties were such that the circuit court alone could give proper and adequate relief.

Personal property of considerable value taken possession of by the executor was transferred by him to the purchasers

Utt and Hemphill and who then took possession. Plaintiff's written consent to such sale by the executor in the contract of April, 1923, *supra,* both of the real and personal property, was upon the express condition that his claims of priority and as a preferred creditor shall be determined by the "Grant county Wisconsin court" both as to the amount and as to the priority thereof. This contract, therefore, did not expressly or by implication waive the plaintiff's claims to priority. The issues thereafter between the plaintiff and an executor of the estate who had divested himself of possession of the property concerning which the claim for priority was made, and third persons to whom such property was transferred, presented a situation in which the circuit court and not the county court was the proper tribunal. Clearly in litigation between *Thorne,* claiming a prior lien on both the personal and real estate, and Utt and Hemphill in possession thereof, the county court would have no jurisdiction. The making of the executor of the estate a party to such action could in no wise take away jurisdiction from the circuit or confer it upon the county court. Had the county court determined, upon proceedings before it, that the executor should take back the property and rights he had transferred to Utt and Hemphill and they had refused so to do, it would be for the circuit and not the county court to then determine the respective rights and liabilities arising from such a transaction.

It is clear, therefore, that the objection by the intervening appellant bank, even could it be entertained, should not be sustained. The following, among many other authorities that might be cited, support this conclusion: *Jones v. Citizens' S. & T. Co.* 168 Wis. 646, 656, 171 N. W. 648; *Merrill v. Comstock,* 154 Wis. 434, 442, 143 N. W. 313; *Gianella v. Bigelow,* 96 Wis. 185, 200, 71 N. W. 111; *Estate of Kallenbach,* 184 Wis. 171, 175, 199 N. W. 152.

Appellant contends in effect that the statute in force at the time of the 1920 contract between plaintiff and Webster as

to conditional sales did not apply to a stock of goods, wares, and merchandise such as was involved in this transaction; in any event did not permit or authorize sales by retail from such stock by the vendee in possession; and finally, that plaintiff was estopped from asserting any lien as against the bank by his failure to file until December, 1922.

It is clear, however, that the law as it stood under sec. 1684u—1 *et seq.,* Stats. 1919 (now found substantially the same in sec. 122.01 *et seq.*), permitted (sec. 1684u—1) possession being delivered at the time of the sale to the buyer, title to remain in the vendor until payment of part or all of the purchase price, or the performance of any other condition or happening of any contingency. Such conditional sales were declared void only as to any purchaser from the creditor or buyer, who, without notice, purchases the goods or acquires by attachment or levy a lien upon them before the proper filing of the contract or copy thereof. Sec. 1684u—5 (sec. 122.05).

The right to resell such goods where the seller expressly (as here) or impliedly consents that the buyer may so resell, except that the reservation of title shall be void against purchasers for value in the ordinary course of business, was and is expressly recognized. Sec. 1684u—9 (sec. 122.09).

The court having found that there was no fraud on the part of the plaintiff or Webster in the failure to file the sales contract of March, 1920, until December, 1922, and having further found that neither the appellant here nor any of the other creditors of Webster acquired by attachment or levy a lien upon the goods at any time prior to Webster's death, and there being no challenge as to such finding and no ground under the record for such challenge, if any such had been made, *Thorne's* lien upon so much of the goods sold by him to Webster in March, 1920, as remained in the possession of Webster at the time of his death and came into the hands of the defendant executor was good and valid, as was so

found by the trial court.  There are no errors, therefore, of which the appellant bank can complain in the judgment as entered by the trial court.

Plaintiff by motion seeks to review the proceedings on three grounds:

(1) That the court erroneously permitted the bank, appellant here, to intervene, thereby compelling the plaintiff to amend his complaint and contest other issues.

In view of the disposition made of this case we deem it unnecessary to say more on this point than that the bank, being a creditor and interested in any questions affecting the assets of the estate, was properly allowed to intervene and become a party.  Sec. 260.19.

(2) That the trial court refused to allow the plaintiff costs as against the appellant bank in the court below.

This might well have been done; but we see no grounds upon which we can interfere with the disposition by the trial court of a matter of costs in such an equitable action.

(3) And lastly, to the refusal on plaintiff's request to render judgment requiring the appellant bank to repay to the executor $661.50 withdrawn by it from the deposits kept by Webster in his lifetime and of the estate's funds thereafter by the executor and applied in payment of the interest as it fell due on the obligations that the bank had.

This is a question that will properly come up before the county court in passing upon the claim of the bank or in passing upon the executor's final account, and was properly denied consideration below by the trial court.

*By the Court.*—Judgment affirmed.