Meyer, Administrator, Appellant, vs. Garthwaite and others, Respondents.

*February 21 — March 10, 1896.*

*Equity: Adequate remedy at law: Waiver of objection: Estates of decedents: When circuit court will take jurisdiction: Unadministered assets: Discovery.*

1. The objection to the jurisdiction of a court of equity on the ground that plaintiff has an adequate remedy at law is waived if not taken by answer or demurrer on that ground, and cannot be raised for the first time by a demurrer *ore tenus* on the trial.

2. Notwithstanding such a waiver of that objection, however, the circuit court will decline to take jurisdiction in matters arising in the administration of estates of decedents, except where special circumstances show that a complete and adequate remedy cannot be given by the county court.

3. An administrator *de bonis non* may maintain an equitable action in the circuit court to recover unadministered assets, possession of which was taken and retained by the defendants after the death of the executor, where a discovery is necessary. The remedy in the county court by a proceeding in the nature of a discovery under sec. 3825, R. S., is not adequate and complete in such a case, because after the property was discovered it would be necessary to bring another action in a court of general jurisdiction for its recovery.

4. Personal property given by a will to one person for life with remainder to another who is also executor constitutes unadministered assets which pass to the administrator *de bonis non*, where the executor died before the life tenant without administering the estate other than by controlling and managing the property together with the life tenant, and did not give a bond under sec. 3795, R. S., such as would vest the title in him in his own right.

APPEAL from an order of the circuit court for Grant county: Geo. Clementson, Circuit Judge. *Reversed.*

This action is brought by the plaintiff, as administrator *de bonis non*, with the will annexed, of the estate of James Moore, deceased, against the defendant *Edward Garthwaite*, who is alleged to have in his possession certain unadminis-

tered assets of the estate of the deceased. The complaint alleges that the deceased, by his last will, left all his personal property to his wife, Sarah Moore, for her life, and to his only child, John S. Moore, after her death, and made John S. Moore executor of his will; that the will was admitted to probate, and John S. Moore qualified as executor, but did nothing about the administration; that he lived in the same house with his mother, and they two "controlled and managed" the property; that the property consisted mostly of money and money securities; that John S. died June 8, 1891, leaving a widow and child; that after the death of John S. his widow and his mother, Sarah Moore, took possession of the estate of James Moore, and assumed control and management of it; that Sarah Moore afterwards intermarried with the defendant *Garthwaite;* that they gave a part of the estate of James Moore to the widow of John S. Moore, and kept the rest themselves; that Sarah Moore died, and the said *Edward Garthwaite* took possession of and retains all the assets of the estate of James Moore which were with him and Sarah at the time of her death; that the plaintiff does not know the amount or form of such assets. The complaint demands judgment for an accounting of the property which came to the possession of the defendants, and that they be required to deliver the same, or the proceeds thereof, to the plaintiff. *Garthwaite* answered.

On the trial the defendant *Garthwaite* interposed a demurrer *ore tenus* to the complaint, which the court sustained. From the order sustaining the demurrer this appeal is taken.

The cause was submitted for the appellant on the brief of *Bushnell, Watkins & Moses,* and for the respondents on that of *John D. Wilson.*

NEWMAN, J. The objection to the jurisdiction of a court of equity on the ground that the plaintiff has an adequate remedy at law must be taken, in the first instance, by an-

swer or demurrer on that ground, or it is waived.   It cannot
be raised afterwards by a demurrer *ore tenus* on the trial.
*Tenney v. State Bank*, 20 Wis. 152, 164; *Sherry v. Smith*, 72
Wis. 339; *Sweetser v. Silber*, 87 Wis. 102.   The only question
which could properly be raised by the demurrer *ore tenus* is,
Does the complaint state a cause of action in equity?   *Sherry
v. Smith, supra.*

It seems to be settled in this state that the circuit court,
as a court of equity, has a general, original jurisdiction over
matters arising in the administration of estates, concurrent
with the county courts.   1 Pomeroy, Eq. Jur. §§ 346–351;
*Glasscott v. Warner,* 20 Wis. 654; *Tryon v. Farnsworth*, 30
Wis. 577; *Brook v. Chappell*, 34 Wis. 405; *Catlin v. Wheeler*,
49 Wis. 507, 520.   Yet that jurisdiction is practically sus-
pended to this extent: that the circuit court will decline to
take jurisdiction over such matters unless such special facts
appear as show that a complete and adequate remedy cannot
be given by the county court.   *Batchelder v. Batchelder*, 20
Wis. 452; *Willis v. Fox*, 25 Wis. 646; *Kugler v. Prien*, 62
Wis. 248; *Hawley v. Tesch*, 72 Wis. 299; 3 Pomeroy, Eq. Jur.
§ 1154.   So the circuit court should decline to take jurisdic-
tion of this case, even if a cause of action which is within its
general equity jurisdiction is stated, notwithstanding this
question of jurisdiction has been waived by the defendant
by omitting to raise it by answer or demurrer, unless it also
appears by the complaint that circumstances exist which
will render the remedy which is within the competency of
the county court inadequate and incomplete.   So the precise
question in this case is whether the complaint states a cause
of action in equity, of which the county court, by reason of
its restricted jurisdiction, is incompetent to afford an ade-
quate and complete remedy.

Does the complaint state a cause of action in equity?   The
will of James Moore gave all of his personal estate to his
widow, Sarah Moore, "for and during her natural life," and

after her death to John S. Moore, his only son, whom he appointed to be the executor of his will. The will was proved and admitted to probate. Letters testamentary were issued to John S. Moore, and he qualified by filing a proper bond. So far as appears, he did nothing towards administering the estate. He filed no sufficient inventory. The property "was mostly money and money securities," alleged to have been "more than four thousand dollars." John lived with his mother, in the same house, "as they had always done before." They kept all the personal property of the deceased, James Moore, "in their hands and possession, and together controlled and managed the same" until John S. died, June 8, 1891. John's widow and his mother, Sarah Moore, then took possession of the property, and "assumed the control and management thereof." Afterwards Sarah Moore intermarried with the defendant *Edward Garthwaite*, and they "together took and assumed and retained the possession, control, and management of all the said property," except that they gave a part of it to the widow of John S. The plaintiff does not know, and has no means of ascertaining, how much was given to John's widow, nor how much was retained by Sarah Moore and *Garthwaite*. Sarah Moore died intestate March 11, 1894, when *Garthwaite* took and assumed possession of all of such property which had been in the possession of Sarah Moore and himself, and still retains it. The plaintiff is administrator *de bonis non* of the estate of James Moore, and seeks for an accounting by the defendants *Addie Moore*, widow of John S., and *Garthwaite*. The question arising here is whether these facts show that this property in the hands of *Garthwaite* and *Addie Moore* is unadministered assets of the estate of James Moore, or had it been so dealt with as to become the property of John S. Moore before his death?

The title to this property never vested in the widow of James. It was money and choses in action. The will made

no specific bequest. She was entitled to the income only of the money and securities during her natural life. It was the duty of the executor to keep the money invested in permanent securities, and to pay over the accruing interest to the widow during her life. Then his title to the residue would become perfect. *Golder v. Littlejohn*, 30 Wis. 344, 351; *Jones v. Jones*, 66 Wis. 310; 6 Am. & Eng. Ency. of Law, 883, 884, and cases cited in notes. So far as appears by the complaint, the title which vested in John S. in his representative capacity remained unchanged at the time of his death. It is not alleged that he made any changes or did anything with or in reference to the property. The only allegation is that they "together controlled and managed the same." This is altogether too indefinite for an allegation that any of it was sold or disposed of. "The personal representative of the deceased, in the first instance and until there has been some change in the mode of holding the assets, must always be treated as holding them *en autre droit*, and not in his own right." 3 Redf. Wills (3d ed.), 130, par. 2. So far as appears, these are the identical securities, unchanged, which James Moore held. No doubt, John S. had power to sell and dispose of them for reinvestment or other proper purpose. And no person could derive title to them but through him. *Murphy v. Hanrahan*, 50 Wis. 485; *Melms v. Pfister*, 59 Wis. 186; *Gundry v. Henry's Estate*, 65 Wis. 559; *Miller v. Tracy*, 86 Wis. 330. But, so long as Sarah Moore lived, he was bound to keep the fund entire, so that its proper income could be paid to her during her life. He might have substituted a bond under sec. 3795, R. S., and thus become vested with the title in his own right, without further administration. *Will of Cole*, 52 Wis. 591. But although sole residuary legatee, he could hardly hold the estate in his individual capacity, until he had performed all the purposes of the will, or had complied with the statute referred to. It is not averred that he had com-

plied with the statute, and the purposes of the will had not yet been performed. The widow was still living and entitled to the income. When personal property is disposed of by a residuary legacy, it does not vest at once in the legatee, but in the executors, by operation of law, subject to distribution, as in case of intestacy. *Melms v. Pfister*, 59 Wis. 186.

This seems to establish that at the time of the death of John S. these assets were still in his hands as executor of his father's estate, and unadministered. Such unadministered assets pass to the administrator *de bonis non*, to be administered by him. 2 Williams, Ex'rs (7th Am. ed.), 106. So it seems to be established that the plaintiff, in his character of administrator *de bonis non*, has a cause of action against at least some of the defendants.

Is it a cause of action of which a court of equity will take jurisdiction? It will, unquestionably, unless the county court can give an adequate and complete remedy. By the phrase " adequate and complete remedy " is meant a remedy " as practicable and efficient to the ends of justice and its prompt administration as the remedy in equity." When " time, expense, and a multiplicity of suits will be saved by it, and the rights of all concerned will be settled in one litigation," a court of equity has jurisdiction. *Gullickson v. Madsen*, 87 Wis. 19; 1 Pomeroy, Eq. Jur. §§ 180, 243.

Can the county court afford relief as practicable, as efficient, as prompt, as is the remedy in equity? It can entertain no action, whether at law or in equity, for the recovery of the possession of assets of estates which are in the process of administration in that court. The proper remedy of the administrator *de bonis non* for the recovery of specific, unconcealed assets, would be an action of replevin, in the circuit court, if the value was sufficient. This action is to recover a fund, of the amount, form, and condition of which the plaintiff is ignorant, so that a discovery is necessary. That

is a distinct ground for the interposition of a court of equity, not abrogated by sec. 4096, R. S., except when it is in aid of another action. And equity alone could furnish efficient relief. At law a judgment for damages alone could be given, in case the property could not be found and physically taken, while in equity the court could enforce delivery by a proper order or judgment. A proceeding in the nature of a discovery may be had in the county court, under sec. 3825, R. S. But if property is discovered, there is no remedy to enforce its delivery or restoration to the estate. *Saddington's Estate v. Hewitt,* 70 Wis. 240. After its discovery another action must be brought for its recovery, in a court of general jurisdiction, either at law or in equity, as the exigency of the case may require. This remedy requires circuity of action and a multiplicity of suits;— both grounds for the interposition of equity. Clearly the remedy which the county court can afford is not equally practicable, efficient, and prompt as the remedy in a court of equity.

Within the rules above stated, the complaint states a cause of action in equity, of which the circuit court has jurisdiction.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.