Burnham vs. Norton.

---

BURNHAM, Respondent, vs. NORTON, imp., Appellant.

*May 7 — May 24, 1898.*

*Circuit courts: Concurrent jurisdiction with county courts: Equity: Estates of decedents: Appeal: Evidence: Weight.*

1. Circuit courts, in most cases, by virtue of their general equity powers, have concurrent jurisdiction with county courts over matters pertaining to settlement of estates of deceased persons.

2. Generally, where such concurrence exists, that of county courts is held to supersede or suspend that of circuit courts, so that the latter should decline to exercise it in the absence of special facts or circumstances rendering the remedy in the former not so complete and efficient as that to be obtained in the latter.

3. The rule that the special jurisdiction of county courts supersedes or suspends that of circuit courts does not apply to actions to construe wills. Jurisdiction in such actions has been so uniformly exercised by circuit courts that nothing short of a statute in plain, unmistakable language will take it away.

4. Where the circuit court clearly ought not to exercise jurisdiction in matters pertaining to settlement of estates, it is error to do so even though the question be not raised by answer or demurrer and be in all respects waived.

5. Where the circuit court determines that special facts and circumstances exist, bringing a case within the rule that its jurisdiction is not suspended by that of the county court, its decision will not be disturbed on appeal unless clearly wrong, all reasonable doubts in that regard being resolved in favor of the trial court.

6. When the determination of matters in regard to the settlement of an estate of a deceased person includes that of transferring the title to real estate by judgment of the court, or the settlement of

Burnham vs. Norton.

the accounts of an executor in two estates in different courts, the circuit court is justified in taking jurisdiction, to the end that the whole controversy may be settled in one suit and court.

7. The undisputed, reasonable evidence of one witness, though a party to the action, should have controlling weight in determining a question of fact.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Rock county: JOHN R. BENNETT, Circuit Judge. *Reversed.*

Action against defendant *John W. Norton* for an accounting of his doings as executor of the last will and testament of Thomas H. Hills, deceased, and to have property inventoried by him as executor of the last will and testament of Jane A. Hills, deceased, and by her bequeathed by such will to her sister, adjudged a part of the estate of Thomas H. Hills, and to belong to plaintiff, *Mary N. Burnham*, and the heirs of Polena A. Hills, deceased, under his will. *Norton*, by answer and by his counsel on the trial, objected to the jurisdiction of the court, claiming that proceedings for the relief sought should be in the county court of Green county, where the will of Thomas H. Hills was probated.

The court found, among other things, that Thomas H. Hills, by a will of which defendant *Norton* was duly appointed executor, bequeathed $400 to his adopted daughter, Polena A. Hills, and the income of the residue of his estate to his wife, Jane A. Hills, during widowhood, and so much of the principal in addition as might be necessary for her support, provided that, in case of her remarrying, the property then remaining should be divided equally between herself, their adopted daughter, and his sister, *Mary N. Burnham;* and provided further, that, in case of the wife not remarrying, the property remaining at her death should be divided between such adopted daughter and sister. The court further found as facts that before the will was probated, the widow used some over $2,000 of the property in

purchasing real estate described in the complaint and improving the same, the title to which she took in her own name and retained till her death; that *Norton* converted the balance of the estate into money, paid the adopted daughter the $400 bequeathed to her, and used the balance of the money in his business, paying the widow out of the same, from time to time, such sums as she needed for her support; that $2,800 of the property was in six per cent. government bonds, $1,800 of which he converted into money April 1, 1871, and the balance June 8, 1877; that he received and had the benefit of the interest on the bonds till so converted into money; that the aggregate amount of the payments to Mrs. Hills was $10,956.61, for which he was entitled to credit, together with other sums for services, commissions, funeral expenses of Jane A. Hills, and other charges, aggregating $1,035.58; and that by stating the account allowing all such credits and charging the executor with interest on the estate in his hands at seven per cent. per annum with annual rests, there was due from him to the estate $1,281.03.

The court further found that the estate of Thomas H. Hills was in process of settlement in the county court of Green county, Wisconsin, and that of Jane A. Hills in the county court of Rock county, Wisconsin, but that all the property inventoried by *Norton* as belonging to the estate of Jane A., and which was bequeathed under her will to Rachel Gardiner, belongs in part to the estate of Thomas H. Hills; and that such property, together with the amount due from *Norton*, subject to certain claims specified in the findings against the estate of Jane A. Hills, should go, according to law, under the will of Thomas H. Hills, as follows: The personal property equally to plaintiff and defendant Brownell as personal representative of Polena A. Hills, deceased, and the real estate equally to plaintiff and the heirs of said Polena A. Hills.

Judgment was entered accordingly against *Norton*, in

favor of plaintiff and defendant I. C. Brownell as personal representative of the estate of Polena A. Hills for $1,281.03, in favor of plaintiff alone for costs against *Norton*, establishing the title to the real estate mentioned in plaintiff and the heirs of Polena A. Hills, and directing the $1,281.03 to be paid into court for distribution according to the findings. *Norton* excepted, among other things, to the refusal of the court to dismiss the proceedings for want of jurisdiction; to the refusal to allow him credit for $50 paid to Jane A. Hills August 10, 1891, and $100 paid December 1, 1891; to neglect to credit him with $469 paid on and between September 21, 1886, and October 10, 1887, in stating the account which formed the basis for the final conclusion as to the amount due from him to the estate, though such payments were found to have been made in the findings of fact; and further excepted to the court's charging him with interest on the $2,800 of government bonds. The appeal is by *Norton*, assigning errors on the exceptions specially mentioned, among others.

For the appellant there was a brief by *Jackson & Jackson*, and oral argument by *A. A. Jackson*.

For the respondent there was a brief by *Sutherland & Nolan*, and oral argument by *T. S. Nolan*.

MARSHALL, J. Of numerous exceptions taken to the findings of fact and conclusions of law, and errors assigned, none, in our judgment, require discussion in this opinion except those presenting the following questions, viz.: (1) Did the court err in exercising jurisdiction in this action? (2) Ought appellant to have been allowed the $50 paid Jane A. Hills August 10, 1891, and $100 paid December 1, 1891? (3) Did the court, in stating the account, fail to allow appellant the payments made in 1886 and 1887, aggregating $469, in accordance with the findings of fact? (4) Ought appellant to

Burnham vs. Norton.

have been charged with interest on the government bonds?
These questions will be considered in the order stated.

1. It is too well settled to require discussion here, that
circuit courts, by virtue of their general equity powers, with
some exceptions, have original jurisdiction concurrent with
county courts over matters pertaining to the settlement of
the estates of deceased persons (*Tryon v. Farnsworth*, 30 Wis.
577), though where such concurrence exists, generally speak-
ing, that of the county courts is held to supersede that of
the circuit courts, so that the latter should decline to exer-
cise such jurisdiction in the absence of special facts or cir-
cumstances rendering the power of the county courts not
sufficiently broad and comprehensive to furnish as complete
and efficient a remedy as that to be found in the circuit
courts.  To this there are some exceptions, not including,
however, such cases as the one before us.  The most fre-
quent to be met with are cases for the construction of wills.
Jurisdiction of such matters has been uniformly exercised
by the circuit court, though specially conferred on county
courts by statute.  So it is said that nothing short of an ex-
press statute on the subject can change the practice in that
regard.  Mr. Justice ORTON, in *Catlin v. Wheeler*, 49 Wis. 507,
speaking for the court, said: 'The jurisdiction of a court of
chancery, of the execution of trusts in the payment of leg-
acies, has been too long exercised to be now questioned; and
no court except one of plenary and general jurisdiction in
equity can so well and so fully exercise it in such a case, to
the end sought.  So though county courts have jurisdiction
of such matters, concurrent with the circuit courts by force
of the statute, it will take a statute framed in the clearest
and most unmistakable language in order to make such ju-
risdiction of the county courts in probate supersede that of
the circuit courts.'

With exceptions as stated, the doctrine that, where the

jurisdiction of the county and circuit courts in the settlement of the estates of deceased persons is concurrent, the former supersedes the latter, by long-established practice has become so firmly fixed in our jurisprudence that, where the circuit court ought clearly to decline jurisdiction, it is reversible error to exercise it even though the question be not raised by answer or demurrer and the objection be in all respects waived, the case in such situation standing the same in that regard as one where the court has no jurisdiction of the subject matter. That is the effect of the decision in *Meyer v. Garthwaite*, 92 Wis. 571, where this court said that the circuit court should decline to take jurisdiction, even if a cause of action which is within its general equity powers is stated, and notwithstanding the question of jurisdiction be waived, unless the facts render the remedy which is within the competency of a county court inadequate and incomplete. That, however, is but the statement, in different language, of the rule laid down in *Batchelder v. Batchelder*, 20 Wis. 452, where Mr. Justice Cole, speaking for the court, said that an action in the circuit court to enforce a trust under a will that was in process of being probated in the county court was improperly brought, no special facts being stated showing that full and ample relief could not be afforded in the county court. The same doctrine, and to the full extent expressed in *Meyer v. Garthwaite, supra*, was recently affirmed in *In re Klein*, 95 Wis. 246, where Mr. Justice Pinney, speaking for the court on the subject, said: "This court has held that the circuit court should decline to take jurisdiction even of a cause of action within its general equity jurisdiction, notwithstanding the question of jurisdiction has been waived by omitting to raise it by answer or demurrer. That rule is correct as a matter of practice and sound policy, and should not be departed from. It is founded upon the ground that there is a proceeding already pending in a court of competent jurisdiction to afford complete

relief, and an independent action for that purpose is wholly unnecessary and therefore will not be sustained." Keeping in mind what has been stated to the effect that actions to construe wills are an exception to that doctrine, will avoid an otherwise apparent conflict between cases of that kind and the one under consideration.

So the question on this branch of the controversy is, Are special facts pleaded or shown sufficient to bring the case within the rule stated? It is said that the term, "a remedy as complete and efficient," is referable, among other elements, to that of time, expense, and multiplicity of suits. It is a term of broad and comprehensive meaning, so that, necessarily, much latitude must be given to the trial court in determining its jurisdiction on the facts of each case as presented; and in instances of doubt as to the rightfulness of such determination, such doubts should be resolved in favor of such determination. The trial court, in short, should be sustained unless wrong beyond reasonable controversy.

Applying the foregoing to the facts before us, we are unable to say that the court erred in retaining the case and proceeding to a final determination of it. One of the most important matters in controversy was whether the real estate of which Jane A. Hills died seised was a part of the estate of Thomas H. Hills. The relief sought, in part, was to pass the title to such real estate over to the rightful owners under the will of Thomas H. Hills; that was not obtainable in the county court, though essential to a complete remedy for the wrongs of which plaintiff complained, so had she proceeded in the county court and obtained a settlement of the executor's accounts, it would still have been necessary to proceed in the circuit court to obtain title to the land. That was sufficient of itself to support the exercise of jurisdiction by the circuit court. Whether the judgment is effective to give the relief which plaintiff desires, since the legatee under the will of Jane A. Hills was not a party to the action, is a ques-

tion with which we have nothing to do on this appeal. Error was assigned on the refusal of the trial court to bring in such legatee as a party, but she is not complaining, and it is not perceived how appellant can be prejudiced by such refusal. Again, the estate of Jane A. Hills being in process of settlement in the county court of Rock county, and that of Thomas H. Hills in the county court of Green county, and the relief sought really requiring a settlement of appellant's accounts in both estates, that was sufficient justification for the exercise of jurisdiction by the circuit court, to the end that the whole controversy might be settled in one suit in one court.

2. The $150 which the court refused to credit the executor appears by his own testimony to have been given to Jane A. Hills, not paid to her out of the estate. True, the evidence would reasonably support a finding that the money was paid with the intention of charging the same to Mrs. Hills on account of the estate at some future date, but it also reasonably supports the finding that it was given outright, and without any intention of ever so charging it, and that the claim for credit was purely an afterthought. No voucher was produced to show the payment of either of the sums making up the $150, and no account appears to have been made of it by the executor. Under such circumstances we are unable to say that the evidence clearly preponderates against the decision of the trial court.

As to the failure to credit the $469 which the court said was actually paid by appellant to Jane A. Hills in 1886 and 1887, in stating the account, which all agree was the basis of the court's final conclusion, we find, on examining the statement found in the record, that credit was given in strict accordance with the findings.

4. We are unable to perceive why appellant was charged with interest on the government bonds. The testimony is positive and all one way that the coupons were received di-

rectly by Jane A. Hills, and that appellant never had a dollar from or on account of them. There is no pretense that she had any money except that invested in the real estate and the improving of it, to which she was not entitled under the terms of the will. The entire income from the estate, and so much of the principal as was necessary for her support, she was entitled to; therefore, when she received the coupons, and there is no controversy but that she did receive them, she got what was rightfully hers, so no good reason can be given, it seems, why appellant should be held liable therefor. True, the evidence on the subject of her receiving the interest is substantially all by appellant, but it is positive and reasonable, and there is nothing to warrant its being disregarded, therefore it should have received controlling weight in determining the question.

In order to correct the error made by erroneously charging appellant with interest on the government bonds it is necessary to credit him with such interest, and with interest thereon from the death of Thomas H. Hills down to the time of the trial, on the same basis the account was made up by the trial court. The necessary amount of such credit is approximately $2,321.10. Thereby it is found that the estate is in debt to appellant $1,040.07.

The findings to the effect that the property inventoried by appellant as belonging to the estate of Jane A. Hills in fact is a part of the estate of Thomas H. Hills, and, subject to the payment of certain claims against the estate of Jane A. Hills mentioned in the finding, should go to the residuary legatees of Thomas H. Hills, to wit, one half to plaintiff and one half to the heirs of Polena A. Hills, appear to be warranted by the evidence, except so far as affected by the fact that the estate of Thomas H. Hills is now found to be indebted to the appellant as stated.

The result of the foregoing is that the judgment appealed from must be reversed and the cause remanded with direc-

tions to adjudge that there is due appellant from the estate of Thomas H. Hills, on a just and true accounting of his doings as executor of the last will and testament of said Hills, $1,040.07; that the property of which Jane A. Hills died seised, inventoried by appellant as her estate, is property of the estate of Thomas H. Hills, and, subject to the claims of creditors of Jane A. Hills specified in the findings and whatever rights appellant has by or on account of his having paid to Jane A. Hills $1,040.07 in excess of the amount received by him from the estate of Thomas H. Hills, belongs, under the will of Thomas H. Hills, one half to plaintiff and one half to the heirs of Polena A. Hills; and with further directions that neither party be allowed costs in the trial court.

*By the Court.*— So ordered, and that appellant be allowed full costs in this court.