WISDOM, Appellant, vs. WISDOM, Executor, Respondent.

*December 11, 1913—January 13, 1914.*

*County courts: Settlement of estates: Claims: Constructive trusts: Concurrent jurisdiction of circuit court: Discretion.*

1. The county court has full jurisdiction, in law as well as in equity, in respect to all controversies involved in the settlement of the estates of decedents; and the concurrent jurisdiction of the circuit court should not be exercised unless that court can afford more complete and adequate relief than can be had in the county court.

2. A money demand against the estate of a decedent, the amount of which is to be determined by an accounting as between trustee and *cestui que trust*, should ordinarily be litigated in the county court, though circumstances may warrant the circuit court in taking jurisdiction. Whether the circuit court should do so or not is so largely a matter of discretion that its determination will not, in general, be disturbed on appeal.

3. Where one person has money of another and without the latter's consent invests it in property, taking the title in his own name, such property is impressed with a trust, and the money so fraudulently used can be recovered out of it, provided it can be clearly traced into it and the rights of other persons who have dealt with the property in good faith and without fault will not be prejudiced.

4. In an action to charge with such an implied trust real property of which plaintiff's husband died seised, it appearing that the persons to whom the lands were devised and other persons who would be affected by the litigation were not made parties but were parties to the pending proceedings to settle the estate in the county court, and there being no good reason why that court should not deal with all the matters involved, an order sustaining a demurrer to the complaint is affirmed without prejudice to the plaintiff's right to proceed in the county court.

APPEAL from an order of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

Action to establish and enforce a trust affecting the estate of Frank Wisdom, deceased.

Deceased, the husband of plaintiff, died testate. When this action was commenced his estate was in process of settle-

ment in the county court of Grant county.   It consisted of
both real and personal property.   The personalty was be-
queathed, partly to a daughter, partly to a son, and partly
to appellant.   The real estate was substantially all devised
to the son for life with remainder over to his lawful children,
to whom was also devised the interest of which the testator
died seised in the homestead after the lapse of a life estate
given to appellant.

The facts aforesaid appeared by the complaint in connec-
tion with a statement to this effect: When appellant was
married to the testator she possessed considerable personal
and real property and, soon thereafter, she purchased with
her own money other realty.  · The testator then did not have
any property.   Soon after the marriage they removed to the
lands specified, of which appellant owned an undivided two-
sevenths interest, and they made their home thereon until
the testator died.   Upon going into possession of such land
the deceased, without appellant's consent and in defiance of
her express objection, took control of all her property and
continued thereafter to use the same as his own until he died.
During such dominion, he acquired the remaining five sev-
enths of the land aforesaid and other lands and property;
paying for the same out of the proceeds and income from
appellant's property, and taking the title in his own name
without her knowledge or consent.   He not only invested
appellant's money in property, but converted such prop-
erty into money and reinvested the same, all without her
knowledge or consent.   He used the proceeds of her prop-
erty, from first to last, as his own, reinvesting some thereof,
spending some to satisfy his desires, and neglecting and
refusing to account for any thereof to appellant.   Upon
discovering that deceased had taken title to all the lands ac-
quired by him with her money in his own name, appellant
remonstrated and demanded to have her share placed in her
name.   He recognized her right and lulled her into security

by various assurances and among them by falsely representing that he had provided by will for her getting her full share.   In fact he devised and bequeathed substantially all the property he accumulated, and her property as well, to his children by a former wife.   The property of appellant which was held by the testator when he deceased, amounted to $14,700, or more.

The prayer was broad enough to cover any relief which appellant might, upon a trial, show herself entitled to, the object, in the main, being to obtain an accounting of the transactions of the testator with her property, establish a constructive trust against his estate, and to enforce such trust.

For the appellant there was a brief by *Hayes & Heffron* and *W. E. Howe,* and oral argument by *Mr. Howe.*

*John J. Blaine,* for the respondent.

Marshall, J.   The trial court sustained the demurrer, as appears from an opinion filed, solely upon the ground that the pleaded facts failed to disclose anything but such a mere legal claim against the estate of Frank Wisdom, deceased, as the county court, having charge of the administration of the estate, has exclusive jurisdiction of.

It may well be that the demurrer was rightly sustained and, yet, the complaint disclose a cause of action for the enforcement of an implied trust.   The county court has full jurisdiction, in law as well as in equity, in respect to all controversies involved in the settlement of the estates of deceased persons.   Sec. 2443, Stats.; *Brook v. Chappell,* 34 Wis. 405; *Catlin v. Wheeler,* 49 Wis. 507, 5 N. W. 935; *Tryon v. Farnsworth,* 30 Wis. 577; *Carpenter v. United States F. & G. Co.* 123 Wis. 209, 101 N. W. 404.   The circuit court has concurrent jurisdiction; but should not exercise it unless the circumstances are such that the county court cannot afford as complete and adequate remedy as the circuit

court. In any case, where the circuit court' has power to deal with the subject involved, in the absence of any good reason why the controversy cannot as well be settled by litigation in the county court, the former should be considered as without jurisdiction. *Meyer v. Garthwaite,* 92 Wis. 571, 66 N. W. 704; *Burnham v. Norton,* 100 Wis. 8, 75 N. W. 304.

So, if the facts pleaded are sufficient to show the estate of the deceased, or some part thereof, to be impressed with a trust in appellant's favor,—that her claim is something more than a mere simple indebtedness,—yet, if it, clearly, can as well or better be dealt with in the county as in the circuit court, then the order appealed from must be sustained on that ground.

We cannot agree with the conclusion reached below that the complaint discloses only a money demand. There are ample allegations to show that Mr. Wisdom, without appellant's consent, used her property and the proceeds thereof as his own; that he converted her property into money and, while holding the same as trustee with the income of other property legally belonging to her, or equitably because the same was purchased with her money and the title taken in his name without her consent, he reinvested the same or part thereof in property he possessed at the time of his death.

It is a familiar principle that if a person has money of another and, without the consent of such other, invests such money in property and takes title in his own name, such property is impressed with a trust, denominated an implied or constructive trust, in favor of such other, and money so fraudulently used can be recovered out of such property, subject only to the condition that it must be clearly traced thereinto, and that the rights of persons who may have dealt with the property in good faith and without fault, supposing such person to have had, in fact, the relation thereto which he assumed to have, must be deemed paramount to the rights

of such other.    The statute, sec. 2079, expressly excepts such common-law trusts from the terms of the written law on the subject of uses and trusts.    *Kluender v. Fenske,* 53 Wis. 118, 10 N. W. 370; *Perkinson v. Clarke,* 135 Wis. 584, 116 N. W. 229; *Bosworth v. Hopkins,* 85 Wis. 50, 55 N. W. 424.

The complaint, very clearly, states facts sufficient to call for an investigation with reference to the application of the foregoing stated principle.    It also states facts showing that appellant has a claim against the Wisdom estate of a purely legal character, in addition to the case made to charge property which Mr. Wisdom died possessed of with an implied trust.    The allegations to the effect that Mr. Wisdom used up considerable sums of appellant's money which he held as her agent and for which he was liable to account, relate to a claim of the latter character.    It is not alleged that these further sums were invested in property which Wisdom had at the end.    As to such sums, manifestly, appellant had only a money demand against her husband's estate; the amount to be determined by an accounting as between trustee and *cestui que trust.*    A matter of that kind can, ordinarily, be as well litigated in the county as in the circuit court, though circumstances might be such as to warrant the latter in taking jurisdiction.    However, whether to do so or not rests so largely in the discretion of the trial judge that his determination would, in general, be regarded as conclusive on appeal.

There are weighty reasons in this case why the circuit court should not take jurisdiction.    First, as we have indicated, all matters involved are within the jurisdiction of the county court and there are no very good reasons why that court should not deal with them as part of the administration of the estate.    Second, the claim of appellant affects the real estate of which Mr. Wisdom died seised and the persons to whom it was devised are not parties to the action.    There

are many other persons who would be affected by the litigation who were not parties defendant. Only the executor is such. The litigation could not be allowed to proceed without bringing in all whose interests are involved. They are parties to the proceedings to settle the estate in county court and can protect their rights there.

So, while the order appealed from must be affirmed, the particular reason given for the decision below, is not approved and appellant is left without prejudice to her right to proceed in the county court to obtain relief of the same nature as she sought in circuit court.

*By the Court.*—The order is affirmed.