LEHMAN, Appellant, vs. WEINER and others, Respondents.

*April 30—May 21, 1918.*

*Circuit courts: Jurisdiction: Conversion of assets of estate being probated: Adequate remedy in county court.*

1. The circuit court will not entertain an action by legatees against the executors and others for an alleged conversion of assets belonging to an estate which is being administered in the county court, the remedy in the latter court being adequate.
2. If in such a case the proceedings in the county court have terminated and the executors have been discharged, the appointment of an administrator *de bonis non* may be procured and he may proceed to collect the unadministered assets.

APPEAL from an order of the circuit court for Milwaukee county: CHESTER A. FOWLER, Judge. *Affirmed.*

Action for damages resulting from an alleged conspiracy and conversion of property belonging to the estate of Sarah A. Auspitz, deceased.    The complaint alleges in substance that on the 11th day of May, 1908, Sarah A. Auspitz died testate at the city of Milwaukee, leaving therein an estate consisting of various items of personal property; that plaintiff and one Fanny Anton were legatees named in the will; that the latter was the residuary legatee and had for a valuable consideration sold her interest in the estate to plaintiff.    It also alleges that the defendants *Michael Weiner* and *Hugo Weiner* were by the county court of Milwaukee county, on July 29, 1908, appointed executors of the will of said Sarah A. Auspitz, and that they qualified as such and entered upon the discharge of their duties.

The complaint then in four separate causes of action charges that either all the defendants jointly, or some of them, conspired to defraud plaintiff by converting certain specified personal property belonging to the estate of Sarah A. Auspitz to their own use and by filing a fraudulent inventory showing the estate to be less than it actually was.    Damages

in the sum of $8,622.50 are asked, partly against all the defendants and partly against only some of them. At the opening of the trial all the defendants entered a general demurrer *ore tenus* to the complaint. The court sustained the demurrer, and plaintiff appealed.

*F. J. Walthers* of Milwaukee, for the appellant.

*B. F. Saltzstein* of Milwaukee, for the respondents *Michael Weiner, Hugo Weiner,* and *Nathan Glicksman.*

VINJE, J. Since the appeal presents the single question whether the circuit court will entertain an action for damages for converting assets belonging to an estate that is being probated in the county court, no further detailed statement of the allegations of the complaint than that given is deemed necessary. The court properly sustained the demurrer. There is no allegation that the estate is solvent. If it is not, plaintiff is not injured by the alleged conversion. But, assuming it to be solvent, the title to the property alleged to be converted passed to the executors, since it was all personal property, and they primarily should marshal the assets of the estate. However, conceding they would not do so in this case because of the facts alleged in the complaint, still the demurrer was properly sustained because the plaintiff has an adequate remedy in the county court. He can there compel the executors to file a correct inventory, to render a just and true final account, and to disclose all property coming into their hands, and if any third party is suspected of having or concealing any property belonging to the estate he may be cited to appear before the county court and make a full disclosure of the facts. Sec. 3825, Stats. 1917. It therefore appears that plaintiff has an adequate remedy in the county court to right all the wrongs complained of. In such cases the circuit court will not assume jurisdiction, but will leave the parties to the county court remedies. *Wisdom v. Wisdom,* 155 Wis. 434, 145 N. W. 126, and cases cited.

This subject was so fully treated in the *Wisdom Case* and the cases there referred to that no further discussion or restatement of the principles involved is deemed necessary. If the proceedings in the county court have terminated and the executors have been discharged, application therein for the appointment of an administrator *de bonis non* under sec. 3813*a,* Stats. 1917, can be made, and such administrator can proceed to collect the unadministered assets.

*By the Court.*—Order affirmed.