PIETRASZWICZ and others, Respondents, vs. PIETRASZWICZ, Appellant.

*February 9—March 8, 1921.*

*Executors and administrators: Right to possession of assets of estate: Jurisdiction of circuit court over estates: Descent: Title to personalty.*

1. Although the circuit court has concurrent jurisdiction with the county court as to matters involving the estates of decedents, the circuit court is as much bound to refuse to assume jurisdiction when lack of power to grant adequate relief in the county court is not clearly shown as though there were an absence of jurisdiction in the circuit court.

2. The legal title to personal property of an intestate vests upon his death in his estate represented by an administrator, and title devolves on those ultimately entitled to share in the personal property after administration and by the final decree of the proper court administering the estate, rather than by operation of law, as does the title to realty.

3. Where petition had been made in the county court for probate of decedent's will which left all his property to his wife, the circuit court is without jurisdiction to enjoin, at the suit of the other heirs at law of decedent alleging the invalidity of

the will, the widow's sale of the personal property, as plaintiffs had an adequate remedy by applying to the county court for appointment of a special administrator under sec. 3810, Stats., who would have power to collect the assets of the estate under sec. 3811.

4. Until either a special or a general administrator or executor, holding the legal title to the assets of the estate, does some act which is an invasion, or threatens to do that which amounts to an injury and infringement, of the equitable beneficial interests of the legal distributees, the primary right of possession and control over such assets is in such representative.

APPEAL from a judgment of the circuit court for Shawano county: EDGAR V. WERNER, Circuit Judge. *Reversed.*

The plaintiffs were the adult children by a former marriage of one Steve Pietraszwicz, who for over twenty years had been the third husband of the defendant *Paulina.* Since the marriage of the deceased and the defendant they had lived in the home situated upon a farm owned at the time of the marriage by the defendant and they conducted the farm together. At first she owned forty-two acres and subsequently added twenty acres to it. Sometime after the marriage another twenty acres was purchased and title was taken in the name of the deceased husband, who died the owner thereof. On March 23, 1919, and at their home the deceased executed an instrument alleged to be his will whereby he gave all his property, real and personal, to defendant. He died a few hours thereafter. On March 27th petition was made for the proof of such instrument as the last will and testament of the deceased, and on March 29th an order was made in the county court of Shawano county upon such petition fixing a time for the hearing thereof and a further order made giving notice to creditors. At about the same time the defendant gave public notice, by posting bills, of an intention to sell on the premises on April 5th the sixty-two acres of land of which she was the owner and also a large amount of personal property consisting of a team of horses, cattle, poultry, grain, hay, farm machinery, and household furni-

ture.   On April 4th a temporary injunction was obtained in this action restraining such sale until further order of the court.   Thereafter and by stipulation said sale was permitted to be had and the proceeds derived therefrom deposited with the clerk of the court below.

The complaint alleged, among other things, that the plaintiffs, together with the defendant, were the heirs at law of the deceased, Steve Pietraszwicz.   It· also recited that he died leaving certain real and personal property, specifying the property referred to in the proposed auction sale.   That for some time prior to the death of Steve Pietraszwicz he was mentally incompetent to make a will; that by the undue influence of defendant and through a conspiracy entered into between her and one Martin Kelpinski said Steve was induced to sign his name or make his mark to the instrument alleged to be his last will; that the defendant caused said alleged or pretended will to be filed with the county judge. of Shawano county; that the said will had not yet been offered for probate nor had any administrator been appointed; that the defendant by virtue of the said pretended will claims ownership and the right of possession to all the property of which the said Steve died possessed; and set forth the proposed auction sale of April 5th.   That each of the plaintiffs as an heir of the said Steve Pietraszwicz was the owner of an undivided one-sixth interest in all of the personal property, being the same that the defendant threatened to sell, and that if said sale was permitted the property would be so disposed of as to get beyond the reach and control of the plaintiffs, rendering to each of them an injury and damage for which they have no adequate remedy at law.

The plaintiffs demanded judgment enjoining the sale of the personal property and asking the court to·take jurisdiction of the estate of the said Steve Pietraszwicz and administration of the same and that the pretended will be declared null and void and of no effect, and that Steve Pietraszwicz be declared to have died intestate, and that the plaintiffs be

allowed to recover damages as they may show they have sustained, together with their costs and disbursements.

Upon the trial the court permitted an amendment to the complaint alleging in effect that the will had not been properly executed, on the alleged ground that the testator had not seen the witnesses affix their signatures to the attestation clause.

. The defendant asserted the proper and due execution of the will and her rights thereunder; that before the commencement of the action the will was duly filed in the county court of Shawano county and petition duly made for the probate of said will, and an order made for a hearing thereon in the following May; that the county court of Shawano county had assumed full and complete jurisdiction of the entire matter, and that the plaintiffs have an adequate remedy in such county court without invoking the authority of the circuit court.

During the trial the defendant renewed her objection to the jurisdiction of the court.

The court made his findings of fact reciting, among other things, the filing of a petition in the county court for the probate of the said will; that the defendant and Martin Kelpinski, through ignorance of the law and in good faith, assumed that the defendant owned all the personal property and that the deceased left no personal property and proceeded with the auction sale of the personal property that was on the farm; the further proceedings in the county court as to fixing the time for the hearing of the petition for the probate of the will and the giving of notice to creditors; the claims which had been filed in said county court (indicating as to one such that it was a question as to whether it had been filed in due time, and as to the bill for funeral expenses that it was a proper claim against the estate, but that its allowance is within the jurisdiction of the county court). A copy of the alleged will was set out and that no further proceedings were had upon it in the county court;

that the defendant as widow was entitled to all her rights
as against the property of the deceased pursuant to sec. 3935,
Stats.; that after the temporary injunction restraining the
proposed auction sale the parties had stipulated to permit
the sale to proceed, and the deposit of the net proceeds with
the clerk of the circuit court subject to and abiding the result
of this trial; and that such proceeds, amounting to $1,212.63,
were now in the custody of the said clerk; that such proceeds
include the sale of the household furniture and some other
articles belonging to defendant.

The twentieth finding was as follows:

"The court does not determine and is unable to determine
from the evidence what portion of the personal property
belongs to the deceased and what to the defendant, but the
evidence establishes the fact that the deceased did own some
of the personal property at the time of his death, which the
defendant attempted to sell without title and without au-
thority of law."

The court also found that the deceased was of sound mind
and memory and capable of making a will at the time of the
execution of the instrument purporting to be his last will,
and that no undue influence was exercised by the defendant
or any one else in connection with its execution, and that he
intended to convey all his property to the defendant.

The following were also made a part of the findings:

"(23)    That the instrument purporting to be the last
will and testament of said Steve Pietraszwicz, deceased,
was not executed with the formality required by law, in this,
that the evidence is conclusive as shown by the physical
facts and circumstances established by the evidence that it
was impossible under the circumstances for the deceased to
have seen the witnesses sign the said instrument purporting
to be the last will and intended to be his last will, and that
said witnesses thereto did not sign said instrument in the
presence of said Steve Pietraszwicz or in the presence of
each other, but that the said witnesses signed same entirely
out of the said Steve Pietraszwicz's range and vision and
not in his presence."

"(24)    That the creditors of said Steve Pietraszwicz, deceased, are interested in said issues involved herein and are entitled to certain rights if they establish their claims filed in the county court and are not parties to the action."

"(25)    That it was necessary to enjoin the sale of said property to protect the rights of all parties interested and that the county court did not have as ample power and authority under the law to restrain said sale, but that the county court has full power and authority to assume jurisdiction on all matters not herein determined."

As conclusions of law the court held (1) that the preliminary injunction be confirmed and made final to carry out the full spirit and intent of the law as determined by the court; (2) that the instrument purporting to be the last will of said deceased was not executed as required by law and is null and void; (3) that the clerk of the circuit court is ordered to pay to the public administrator for Shawano county, who had been appointed by the county court of said county, the said proceeds from the sale; (4) that all the issues not determined in the cause shall be and are certified back to the county court in and for said county for further proceedings according to law; (5) that the plaintiffs recover from the defendant disbursements consisting of clerk's and sheriff's fees and $25 attorney fees and no other costs, and directed judgment in accordance therewith. From which judgment the defendant has appealed.

*P. J. Winter* of Shawano, for the appellant.

For the respondents there was a brief by *Martin, Martin & Martin,* and oral argument by *Gerald F. Clifford,* all of Green Bay.

Eschweiler, J.    The circuit court should have promptly refused to act in this matter. This was its plain duty from a mere inspection of the complaint and was rendered still more certain at the close of the plaintiffs' testimony. There is in this entire record an absolute want of any peculiar or extraordinary circumstances whereby it was shown that a

Pietraszwicz v. Pietraszwicz, 173 Wis. 523.

full, adequate, and complete remedy could not or would not have been afforded by a resort to the orderly course of procedure in the county court. Such lack appearing is a practical equivalent to a want of jurisdiction in the circuit court.

Conceding that, under the broad equitable powers of a court of *nisi prius* such as is the circuit court, there exists a concurrent jurisdiction with the county court as to matters involving the estates of decedents, nevertheless it is well and long established by a series of decisions of this court that the circuit court is as much bound to refuse to assume jurisdiction when such lack of power to grant adequate relief in the county court is not clearly shown as though there were an absence of jurisdiction in the circuit court. *Meyer v. Garthwaite,* 92 Wis. 571, 573, 66 N. W. 704; *Burnham v. Norton,* 100 Wis. 8, 13, 75 N. W. 304; *Washington Co. v. Schrupp,* 139 Wis. 219, 222, 120 N. W. 856; *Wisdom v. Wisdom,* 155 Wis. 434, 437, 145 N. W. 126; *Komorowski v. Jackowski,* 164 Wis. 254, 258, 159 N. W. 912; *Lehman v. Weiner,* 167 Wis. 428, 429, 167 N. W. 806; *Guardianship of Knoll,* 167 Wis. 461, 469, 167 N. W. 744.

The nature of the peculiar circumstances which may support the exercise of jurisdiction by the circuit court is indicated in such cases as *Gianella v. Bigelow,* 96 Wis. 185, 71 N. W. 111; *Lindemann v. Rusk,* 125 Wis. 210, 104 N. W. 119; *Eisentraut v. Cornelius,* 134 Wis. 532, 115 N. W. 142; *Merrill v. Comstock,* 154 Wis. 434, 143 N. W. 313; *Jones v. Citizens' S. & T. Co.* 168 Wis. 646, 656, 171 N. W. 648. None of these cases, however, afford any support for the proceedings such as were taken in the court below resulting in its judgment.

The complaint disclosed, and the evidence confirmed it, that the plaintiffs had no such present legal interest in this personal property as would warrant their bringing this action. If Steve Pietraszwicz died intestate, as plaintiffs claim he did from their attack upon his alleged will, then the legal title to such personal property vested upon his death in

his estate represented by an administrator.    To those ulti-
mately entitled to share in the personal property title
devolves after administration and by the final decree of the
proper court administering the estate rather than by oper-
ation of law, as does the title to real estate.    *McKenney v.
Minahan,* 119 Wis. 651, 658, 97 N. W. 489; *Stehn v.
Hayssen,* 124 Wis. 583, 588, 102 N. W. 1074; *Karel
v. Pereles,* 161 Wis. 598, 604, 155 N. W. 152; *Palmer v.
O'Rourke,* 130 Wis. 507, 110 N. W. 389; *Schoenwetter v.
Schoenwetter,* 164 Wis. 131, 134, 159 N. W. 737.

The plaintiffs, if fearful of any possible loss or destruction
of personal property belonging to the deceased, had ample
and adequate remedy by applying to the county court for the
appointment of a special administrator under sec. 3810,
Stats.    Such special administrator, by sec. 3811, has power
to collect the goods and chattels of a deceased and preserve
the same for the executor or administrator to be afterward
appointed.    Such special administrator, if appointed, or the
regular administrator or executor when appointed, is the
proper party to proceed to collect and preserve the personal
property of a deceased.    Until such official of the court,
either special or general administrator or executor, so hold-
ing the legal title to the assets of the estate of the deceased
does some act which is an invasion, or threatens to do that
which amounts to an injury and infringement, of the equi-
table beneficial interests of the legal distributees, the primary
right of possession and control over such assets is in such
official representative of the estate.    *Rowell v. Rowell,* 122
Wis. 1, 9, 99 N. W. 473.

Upon the record it appears that the county court had
before the commencement of this action already assumed
jurisdiction of the estate of the deceased.    It clearly appears
that there was ample time intermediate the death and pro-
posed auction sale for any one concerned to have applied
to the county court for the appointment of a special adminis-
trator, and ample time for such special administrator to

commence an action, if any such were necessary to preserve such property.  These proceedings, therefore, should have been halted at the very threshold, and the issuing of the injunction restraining the sale, the proceeding to hear the alleged issues, and the entry of a judgment in form as was done in this case were each and all done by the court under such a situation that it amounted to a complete want of proper jurisdiction, and they must for that reason be each and all set aside.  To hold otherwise would be to permit or even encourage an unseemly scramble by those who might claim to be ultimately interested in the personal property of a deceased to resort to other than the orderly procedure for the settlement of estates.

After a long and bitterly contested trial the evidence of the plaintiffs as to the sole ground upon which they claim or the court appears to have entertained jurisdiction, namely, that the defendant was proceeding to dispose of property that belonged to the deceased rather than to herself, was of so slight a texture that the court was unable, as appears from his twentieth finding, *supra,* to determine just what personal property belonged to the deceased and that was being sold by the defendant.  A search of the record discloses no testimony upon which a finding that any definite article of personal property which the defendant was claiming as her own did in fact belong to the deceased at the time of his death.  There is some testimony that shortly after their marriage, at least twenty years prior to his death, he had a team of horses, a binder, and possibly other personal property, some of which he took to defendant's farm at the time he commenced to live there.  There is no testimony, however, upon which could be supported a finding that there was any of this property still belonging to the deceased at the time of his death.  The plaintiffs utterly failed to meet the burden of proof required of them on this essential fact, even if such fact had been sufficient to warrant the circuit court entertaining jurisdiction.

In view of the disposition that is being made of this case and the setting aside and vacating the judgment in its entirety and all the proceedings, it is unnecessary to pass upon or determine other questions raised upon this appeal. We cannot refrain, however, from saying that a careful consideration of the testimony in this case falls far short of impressing us, as it appears to have done the trial court, that the alleged last will of the deceased was not executed according to law, on the ground, as stated by the trial court, that it was impossible under the circumstances for the deceased to have seen the witnesses sign the instrument presented as his will.

The circuit court having had no proper justification for its proceeding to a trial and determination in this case, there was no warrant for its impounding, as was done, the proceeds of the auction sale; still less for its direction that such impounded proceeds be turned over to the public administrator, who under no view of the law should have been made the custodian. There is no basis, therefore, for withholding such proceeds of the auction sale from the defendant.

If the estate of the deceased had or has any rights or claims to any of such personal property disposed of by defendant or any portion of the proceeds derived therefrom, such questions may still be determined in proper proceedings brought by the proper parties and without being affected in any way by what was attempted to be done in this action or by the present disposition thereof by this court.

It follows therefrom that the judgment of the court below should be reversed, the action dismissed, and the money proceeds from the auction sale be and hereby are directed to be paid over to the defendant.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the proceedings and pay over the funds to defendant.