LIBBY and another, Appellants, vs. CENTRAL WISCONSIN TRUST COMPANY, Trustee, Respondent.

*December 14, 1923—February 12, 1924.*

*Courts: Control of county court over own judgments: Interference by circuit court: Relief because of event occurring after judgment: Procedure: Appeal: Duty of appellate court.*

1. It is a part of the duties of the supreme court to see that an orderly administration of justice is maintained in accordance with the law of the state, and parties may not by their conduct or even by stipulation relieve it of that duty. p. 602.
2. Since this court is, by sec. 3, art. VII, Const., vested with a superintending control over all inferior courts, the rules applicable to the circuit court apply with even greater force to this court. p. 602.
3. The county court has power to grant full and equitable relief, and has inherently full control over its own judgments, including the power, in a proper case, to relieve therefrom. p. 602.
4. Where the sole relief prayed for was that a judgment of the county court be satisfied and discharged and declared no longer to be a lien upon real estate assigned by such court to the plaintiffs, and no facts being alleged in the complaint tending to show that the county court cannot afford relief equal to that afforded by the circuit court, the circuit court will not take jurisdiction. p. 603.
5. If, by reason of events occurring subsequent to the entry of a judgment upon stipulation in the county court, a party is entitled to relief from such judgment, the court in which it is rendered has full power to grant adequate relief, and a court of co-ordinate jurisdiction will not interfere. p. 604.

6. This is not a case which, under the provisions of sec. 2836b, Stats., should be remanded to the county court, as the proper remedy is not by separate action but by petition in the county court at the foot of the judgment, and the court may bring the parties before it and grant such relief as may be appropriate under the facts as established.   p. 604.

APPEAL from an order and a judgment of the circuit court for Dane county: GEORGE THOMPSON, Judge. *Dismissed.*

In the view that we take of this case it is not necessary to set out the facts at length.   In outline they are as follows: On or about the 1st day of April, 1912, the Northern Minnesota Dairy Farm Land Company executed and delivered to the defendant 150 bonds of $500 each, dated April 1, 1912, and due April 1, 1922, payment of which was secured by a trust deed in which the defendant was named as trustee of certain lands in the state of Minnesota.   John L. Libby, with other stockholders, signed an instrument whereby the signers guaranteed to the trust company the payment of the bonds described in the trust deed.   Prior to the maturity of the bonds John L. Libby died intestate, leaving the plaintiffs as his only heirs at law.   His estate was settled in the county court of Dane county, and the defendant filed a claim on the contract of guaranty for the full amount of the bonds.   Thereupon an arrangement was entered into with the consent of the other signers of the contract of April 1, 1912, by virtue of which it was agreed that the claim of the defendant should be allowed against the estate in the sum of $75,000 as a contingent claim, "and that the judgment to be entered in and by the court aforesaid for and upon said claim shall become and remain a valid and subsisting lien upon the said 240 acres of land of which the deceased died seized and hereinbefore particularly described, and upon such lands only; it being the intention hereby to release all the other assets and property of the said estate from the charge of said claim."

Pursuant to the stipulation, which contained other condi-

tions not here cited, judgment was entered by the county court of Dane county. On or about the 22d day of March, 1922, at the request of the company and with the consent of the other signers to the contract of April 1, 1912, but without the consent of the plaintiffs in this action, the defendant extended the time of payment of the bonds then remaining due in the sum of $39,000 to April 1, 1927. Thereafter the plaintiffs brought this action in the circuit court for Dane county, setting up the facts in detail. The defendant answered setting out the facts in still greater detail, and to this answer the plaintiffs demurred. From the order overruling the demurrer to the defendant's answer the plaintiffs appeal.

For the appellants there were briefs by *Buell & Lucas* of Madison, and oral argument by *Charles E. Buell.*

For the respondent there were briefs by *Bagley, Spohn & Reed* of Madison, and oral argument by *William H. Spohn.*

ROSENBERRY, J. The question raised by the demurrer to the answer of the defendant was whether or not the facts stated constituted a defense. The question in controversy is whether or not the extension of time granted by the defendant with the consent of the other signers to the contract of April 1, 1912, having been made without the consent of the plaintiffs in this action, operated to release the judgment entered by the county court of Dane county upon the stipulation of the parties. No personal liability against the plaintiffs or any other person was reserved by the stipulation upon which the judgment in the county court was entered, and the sole right, if any, which the defendant now has, is a resort to the lien given to it by the judgment of the county court of Dane county. The prayer of the plaintiffs' complaint was:

"Wherefore plaintiffs pray the judgment of this court that said judgment so entered in favor of said defendant in said county court for said Dane county is no longer a

lien upon the real estate described in said complaint; that said defendant (as such trustee) be adjudged to satisfy and release the same, and that in case of its failure so to do, that the court adjudge said judgment to be discharged;" and for costs and such other or further relief as shall seem just and equitable.

No question as to the jurisdiction of the circuit court to entertain this action was raised in the brief of either party. It appearing to this court that there was doubt as to the jurisdiction of the circuit court, the parties were requested to submit further briefs upon this question:

"The only cloud upon the title being a judgment of the county court for Dane county and the relief sought being the satisfaction or discharge of that judgment, should the circuit court, under the rule laid down in *Pietraszwicz v. Pietraszwicz*, 173 Wis. 523, 181 N. W. 722, and cases there cited, entertain jurisdiction of this action?"

Two other questions were propounded, which in the view we take of the case become immaterial. Further briefs have been filed in accordance with the suggestion of the court and the matter has been considered.

On behalf of the plaintiffs it is contended that, no question having been raised by counsel for the opposite party, it would be technical and not in accord with recent remedial legislation for the court to raise the question. We conceive it, however, to be a part of this court's duty to see that an orderly administration of justice is maintained, in accordance with the law of the state. Parties may not by their conduct or even by stipulation relieve this court from that duty. *Meyer v. Garthwaite,* 92 Wis. 571, 66 N. W. 704.

The rule applicable to the circuit court applies with even greater force to this court, for it is by the constitution vested with "a superintending control over all inferior courts." Art. VII, sec. 3.

There can be no doubt as to the power of the county court to grant full and equitable relief. *Archer v. Meadows,*

33 Wis. 166, 172; *Guardianship of Reeve,* 176 Wis. 579, 591, 186 N. W. 736.

The county court has inherently full control of its own judgments and power in a proper case to relieve therefrom. It is urged by the plaintiffs that this is a proceeding in the nature of an action to quiet title; that the determination of whether or not the judgment remains a valid and subsisting lien upon the premises is an incident to the granting of full relief in the action to quiet title, and that therefore the circuit court, having jurisdiction of actions to quiet title, has jurisdiction here. The full and complete answer to that proposition is that the sole relief prayed for is that the judgment of the county court be satisfied and discharged and declared to be no longer a lien. The power to satisfy and discharge its own judgments certainly is inherent in the county court, and a court of concurrent jurisdiction ought not and will not take jurisdiction under such circumstances. There are no facts alleged in this case which show or tend to show that the county court cannot afford relief equally as practicable, efficient, and prompt as that afforded by the circuit court.

In *Platto v. Deuster,* 22 Wis. 482, Dixon, C. J., speaking for the court, after first declaring that the county court within the limits prescribed by law for it possessed equal equitable powers of the circuit court, said:

"The impropriety, I might say the utter absurdity, of applying to one court to restrain, modify, or correct the orders or decrees of another court of co-ordinate jurisdiction, is also apparent. I think it is wholly inadmissible to do so. No instance has been found where one court of equity has thus interfered with the proceedings in another court of equity of the same jurisdiction, and it is believed that none can be. . . . The proper course was to apply to the court by petition for an order in the original suit. . . . The power of the court in which the judgment or decree was rendered, to grant the requisite relief in cases like this, is undoubted. The chancellor might always, either in the

court or at chambers, suspend the execution of a final order or decree, on the ground of subsequent matter that would render its execution oppressive or iniquitous." See, also, *Orient Ins. Co. v. Sloan,* 70 Wis. 611, 36 N. W. 388.

Upon the authority of *Pietraszwicz v. Pietraszwicz,* 173 Wis. 523, 181 N. W. 722, and the cases there cited, it is considered that a circuit court has no jurisdiction in the sense that it ought not to entertain jurisdiction of an action brought to discharge or satisfy the judgment of the county court. If by reason of subsequent events the plaintiffs are entitled to relief from the judgment entered upon the stipulation made by them, the county court in which the judgment was entered has full power to grant adequate relief. A court of co-ordinate jurisdiction will not interfere. *Salter v. Cook,* 131 Wis. 20, 110 N. W. 823.

It is suggested that under the provisions of sec. 2836*b,* Stats., the cause should be remanded to the county court. We do not think this is a case to which sec. 2836*b* is applicable. The plaintiffs are not entitled to bring an action in equity in any court to modify or discharge the judgment by reason of matters arising subsequent to the entry of the judgment. As indicated in *Platto v. Deuster, supra,* the proper procedure is to apply by petition at the foot of the judgment for the relief to which the petitioners deem themselves entitled. Under sec. 2446 the county court may, upon such petition being filed, bring the parties before it and grant such relief as may be appropriate under the facts as established. *Spafford v. Janesville,* 15 Wis. 474, 479; *Cardinal v. Eau Claire L. Co.* 75 Wis. 404, 44 N. W. 761; *Gaynor v. Blewett,* 85 Wis. 155, 55 N. W. 169.

The circuit court from which the appeal was taken having had no jurisdiction of the action, nothing remains to be done except to dismiss the appeal.

*By the Court.*—It is so ordered.